PEOPLE v. BAKER.

1. INDICTMENT AND INFORMATION—VIOLATION OF STATUTE—NEGA-
TIVING OF EXCEPTIONS.
   The fact that a charge of a violation of a statute is made is
   considered as an allegation that no legal excuse for the doing
   of the act exists, hence, the prosecution need not negative ex-
   ceptions in statute defining offense by allegation or proof (CL
   1948, §§ 335.102, 767.48).

2. CRIMINAL LAW—ILLEGAL POSSESSION OF BARBITURIC ACID—NEG-
ATIVING OF EXCEPTIONS.
   Party charged with possession of barbituric acid not in its origi-
   nal container need not be averred or proved by the prose-
   cution not to come within exceptions enumerated in the statute
   setting forth the offense (CL 1948, §§ 335.102, 767.48).

3. DRUGS AND DRUGGISTS—BARBITURIC ACID—CONTAINERS—STATUTES.
   Fact that pills containing barbituric acid were not in any con-
   tainer constituted proof they were not in their original con-
   tainer which statute requires to show name of patient, the
   date and name of dispenser (CL 1948, §§ 335.102, 335.103).

4. STATUTES—PRESUMED CONSTITUTIONAL.
   A statute is presumed to be constitutional and will not be de-
   clared unconstitutional unless the contrary clearly appears.

5. CONSTITUTIONAL LAW—POLICE POWER—PUBLIC HEALTH—REGU-
LATION OF SALE OF DRUGS AND POISONS.
   The State may regulate the sale of poisons or drugs under the
   exercise of its police power for the protection of public health.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 27 Am Jur, Indictments and Informations §§ 106, 107.
[1, 2] Burden of averment and proof as to exception in criminal
      statute on which the prosecution is based.   153 ALR 1218.
[4] 11 Am Jur, Constitutional Law § 92.
[5] 17 Am Jur, Drugs and Druggists §§ 4, 5.
[5] Constitutionality of statute regulating sale of poisons, drugs,
      or medicines.   54 ALR 730.
[7, 8] 53 Am Jur, Trial § 128.

6. SAME—WITNESS AGAINST ONESELF—PRIMA FACIE CASE—POSSESSION OF BARBITURIC ACID.

> Statute making it an offense for anyone other than specified classes to possess barbituric acid except in their original containers does not compel the defendant to take the witness stand and testify against herself but a prima facie case was made out by the people when they showed that defendant was in possession of barbituric acid either without any container or not in the original container as required by statute (Const 1908, art 2, § 16; CL 1948, § 335.102).

7. CRIMINAL LAW—REOPENING OF PROOFS—DISCRETION OF COURT.

> The trial court in the exercise of sound discretion may reopen a case for the purpose of admitting testimony in behalf of either the prosecution or the defense.

8. SAME—POSSESSION OF BARBITURIC ACID—REOPENING OF PROOFS.

> Reopening of proofs at close of people's case in prosecution for possession of barbituric acid outside of original container so as to admit proof that pills containing such matter were found lying loose in defendant's purse, *held,* not error (CL 1948, § 335.102).

Appeal from Recorder's Court for the City of Detroit; Krause (Paul E.), J. Submitted November 19, 1951. (Docket No. 89, Calendar No. 44,936.) Decided January 15, 1952.

Gloria Baker was convicted of possession of barbituric acid in other than original container. Affirmed.

*Samuel W. Barr,* for appellant.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, *Ralph Garber,* Chief Assistant Prosecuting Attorney, and *Garfield Nichols* and *Thomas J. Foley, Jr.,* Assistant Prosecuting Attorneys, for the people.

SHARPE, J.   Defendant Gloria Baker was tried and convicted for violation of CL 1948, § 335.102 (Stat Ann 1949 Cum Supp § 18.1102), which reads as follows:

"It shall be unlawful for any person, firm, partnership, association or corporation, other than a drug manufacturer or wholesaler, licensed physician, licensed dentist, licensed veterinarian, licensed druggist or pharmacist, hospital, or police or public health laboratory, to have in possession any barbituric acid and any of its derivatives, chloral hydrate or paraldehyde, unless the same are contained in the orginal container, as dispensed to them."

The facts upon which conviction rests are as follows:   Defendant was arrested on March 3, 1950, on a criminal charge, not connected with this case. When she reached the police station, her purse was searched and in her purse was found 2 pills.   A test made of these tablets showed that they contained barbituric acid.   Following this finding the present information was filed against her for violation of the above statute.   The cause came on for trial and testimony of the above facts was introduced.   At the close of the people's case, defendant made a motion for a verdict of not guilty for the following reason, "No proof has been offered by the people as to what kind of a container the barbituric acid was in."   Thereupon, the court recalled one of the people's witnesses, a police officer, who testified that the pills were lying loose in the purse and that there was no container in the purse.   Upon denial of the motion, defendant took the stand and testified that the tablets were dispensed to her by a pharmacist upon the prescription of Dr. Johnston whose office is located in the Fisher building in Detroit.   The defendant, having waived a jury trial, was tried before a judge of the recorder's court who found her guilty of violating the mentioned act.

Upon leave being granted, defendant appeals and urges that the motion should have been granted because under the statute the people failed to prove that defendant was not any one of the parties enumerated in the statute. The people urge that proof of the negative allegations set forth in the statute, being within the knowledge of defendant, she must show that she comes within the exceptions. The people also urge that under CL 1948, § 767.48, it was not necessary to aver the negative allegations mentioned in the statute and therefore not incumbent upon the people to prove the same.

Section 767.48, CL 1948 (Stat Ann § 28.988), provides:

"No indictment for any offense created or defined by statute shall be deemed objectionable for the reason that it fails to negative any exception, excuse or proviso contained in the statute creating or defining the offense. The fact that the charge is made shall be considered as an allegation that no legal excuse for the doing of the act exists in the particular case."

We concur with the people's claim and hold that it was not necessary to allege or prove the negative allegations.

Defendant also urges that it was incumbent upon the people to prove a container in which the barbituric acid was dispensed.

Section 335.103, CL 1948 (Stat Ann 1949 Cum Supp § 18.1103), provides:

"It shall be the duty of every licensed physician, dentist, veterinarian, druggist, pharmacist or hospital, when dispensing any barbituric acid and any of its derivatives, chloral hydrate or paraldehyde, to mark on the dispensing container, the name of the patient, the date, and the name of the person dispensing the same."

· Under the above statute a druggist may not dispense barbituric acid without marking on the dispensing container the information required by statute. It necessarily follows that such barituric acid may not be dispensed without a container and the fact that the pills were not in any container is proof that they were not in their original container.

Defendant also urges that CL 1948, § 335.102, is unconstitutional because it places an undue burden on the defendant by compelling her to testify against herself contrary to Constitution 1908, art 2, § 16, which provides:

"No person shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property, without due process of law."

A statute is presumed to be constitutional and will not be declared unconstitutional unless the contrary clearly appears. "It is generally held that the State may, under the exercise of its police power for the protection of public health, regulate the sale of poisons or drugs." 54 ALR, annotation 730. The statute does not compel the defendant to take the witness stand and testify against herself. The people have made a case when they show that defendant was in possession of barbituric acid either without any container or not in the original container as dispensed to her.

We note that at the close of the people's case defendant made a motion for a verdict of not guilty, whereupon the trial court reopened the case and permitted a witness for the people to testify that the pills were found lying loose in the purse. It is the rule in criminal cases that the trial court in the exercise of sound discretion may reopen a case for the purpose of admitting testimony in behalf of either the prosecution or the defense. See *People* v. *Blake,* 157 Mich 533; *People* v. *Chimovitz,* 237 Mich 247;

and *People* v. *Eger,* 299 Mich 49. The trial court was not in error in failing to grant defendant's motion.

The conviction and sentence are affirmed.

NORTH, C. J., and DETHMERS, CARR, BUSHNELL, BOYLES, and REID, JJ., concurred with SHARPE, J.

BUTZEL, J. *(concurring).* In concurring with the opinion of Mr. Justice SHARPE, I wish to add that the complaint for which the original arrest was made was not introduced, described or referred to in the testimony.

The reasons for the enactment of the statute obviously do not appear, nor is it our province to question them as long as the regulation is a valid one. Similarly worded statutes have been enacted in many other States, including New York and South Carolina. See Penal Law, § 1747-B of Statutes of New York, and Code of Laws of South Carolina (1942), § 5128–25.

BUSHNELL and BOYLES, JJ., concurred with BUTZEL, J.