PEOPLE *v.* AUTRY.

1. EVIDENCE—STIPULATION TO TESTIMONY—JUDICIAL DISCRETION.
    Trial courts have wide discretion to allow parties to stipulate to the testimony of an absent witness in order to prevent inconvenience or necessitate a continuance.

2. CRIMINAL LAW—CARRYING CONCEALED WEAPON WITHOUT LICENSE —STIPULATION OF TESTIMONY.
    Claim of defendant, convicted of carrying a pistol without a license, that his conviction was reversible error because based upon a stipulation by his counsel that he had no license, there being absolutely no evidence in the record to establish said fact

---

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 50 Am Jur, Stipulations § 16.

as part of the corpus delicti *held,* without merit, where the county clerk was indorsed on the information as a witness, and said stipulation was made to avoid the delay and inconvenience of calling him as a witness, since the trial courts have wide discretion in allowing parties to stipulate to the testimony of an absent witness to prevent inconvenience or a continuance (CL 1948, § 750.227).

3. SAME—STIPULATION OF TESTIMONY—DISCRETION OF COURT.
  Trial court's acceptance of a stipulation from defendant's counsel that defendant had no license to carry a pistol thereby establishing a part of the corpus delicti not otherwise proved *held,* not an abuse of discretion in nonjury trial, where the county clerk was indorsed on the information as a witness, and said stipulation was made and accepted to prevent inconvenience and a continuance which would have been otherwise necessary to obtain his testimony (CL 1948, § 750.227).

Appeal from Recorder's Court of Detroit; Gillis (Joseph A.), J. Submitted Division 1 February 10, 1967, at Detroit. (Docket No. 1,996.) Decided August 1, 1967.

Elbert Autry was convicted of carrying a concealed weapon without a license. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Richard J. Padzieski,* Assistant Prosecuting Attorney, for the people.

*Kenneth A. Webb,* for defendant.

McGREGOR, J. The appellant found himself in court, after engaging in rather bizarre activities, on the morning of October 9, 1965. The record shows the appellant awoke at his rooming house about 6:30 a.m., still feeling the effects of his alcoholic consumption the night before. We do not know what the appellant did between 6:30 a.m. and 7 a.m., ex-

cept that he returned to the vicinity of his rooming house about 7 a.m. with an almost empty fifth-bottle of wine, which he did not have when he left. About a block from his room, the appellant pulled a .22-caliber revolver out of his pocket and pointed it at a truck driver who was in the cab of his truck. The motive for this incident is unclear, as the appellant said nothing to the truck driver, but proceeded to his rooming house followed by the truck driver, who had been faced with the business end of the pistol. Within a few minutes after the appellant entered his rooming house, his landlady ran from the house with a gunshot wound in her shoulder which had been inflicted by the appellant. The police were summoned and the appellant was apprehended in the house, while lying on a bed with the pistol in his pants pocket.

Although arraigned on the charges of carrying a gun with unlawful intent (CL 1948, § 750.226 [Stat Ann 1962 Rev § 28.423]) and carrying a concealed weapon without a license (CL 1948, § 750.227 [Stat Ann 1962 Rev § 28.424]), the appellant was convicted only of carrying a concealed weapon without a license. The case was heard without a jury. That the appellant was carrying a concealed weapon was established by the truck driver who first observed the appellant pull a gun from his pocket and point it at the driver. Indorsed as a witness on the criminal information was the county clerk who was to testify that the appellant did not have a license to carry a concealed weapon; however, the county clerk was never called, as the appellant's appointed counsel stipulated that no license for carrying the gun had ever been obtained. Upon appeal, a different attorney was appointed to represent the appellant, and the theory of this appeal is that it was reversible error to convict the appellant with no proof as to

lack of a license to carry a concealed weapon, except the appellant's stipulation to same.

The appellant did not take the stand, but his pretrial statement of not having a license was admitted. The lack of a license to carry a concealed weapon established that the crime had been committed and, therefore, was part of the corpus delicti. See 1 Gillespie, Michigan Criminal Law (2d ed), § 23, at p 42. A witness was indorsed on the information for the purpose of proving that the appellant did not have a proper license, but upon ascertaining that the witness was not in court, the appellant's counsel stipulated as to the absent witness's testimony. Trial courts have wide discretion to allow parties to stipulate to the testimony of an absent witness in order to prevent inconvenience or necessitate a continuance. 9 Wigmore on Evidence (3d ed), § 2595 at pp 601, 602.

We find no abuse of discretion by the trial court in this case. The conviction is affirmed.

LEVIN, P. J., and BURNS, J., concurred.