PEOPLE *v.* KELSCH

1. CRIMINAL LAW—CARRYING CONCEALED PISTOL WITHOUT LICENSE—
   CORPUS DELICTI.
   The prosecution must prove both that the defendant carried a
   concealed pistol and that he had no license to do so to estab-
   lish the *corpus delicti* of the felony of carrying a concealed
   pistol without a license (CL 1948, § 750.227).

2. CRIMINAL LAW—CORPUS DELICTI—EVIDENCE—STATEMENTS OF DE-
   FENDANT.
   The *corpus delicti* of a crime, or any essential element of it, can-
   not be established solely by the extrajudicial statements of the
   accused and therefore testimony by a police officer that defend-
   ant admitted ownership of a gun and the fact that he had no
   license is not by itself sufficient to convict defendant of carry-
   ing a concealed pistol without a license (CL 1948, § 750.227).

Appeal from Macomb, Frank E. Jeannette, J.
Submitted Division 2 January 7, 1969, at Detroit.
(Docket No. 4,683.)   Decided February 27, 1969.

Michael Leo Kelsch was convicted of carrying a
concealed pistol without a license.   Defendant ap-
peals.   Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George N. Parris,*
Prosecuting Attorney, *Thaddeus F. Hamera,* Chief

REFERENCES FOR POINTS IN HEADNOTES
[1] 56 Am Jur, Weapons and Firearms § 9.
    Offense of carrying concealed weapon as affected by manner of
    carrying or place of concealment.  43 ALR2d 492.
[2] 30 Am Jur 2d, Evidence § 1142.

Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*Gruenburg, Robinson & Bogus,* for defendant on appeal.

BEFORE: LESINSKI, C. J., and J. H. GILLIS and T. M. BURNS, JJ.

PER CURIAM. Defendant appeals from a conviction by a jury of carrying a concealed pistol without a license. CL 1948, § 750.227 (Stat Ann 1962 Rev § 28.424).* To establish the *corpus delicti* of this felony, the prosecutor must prove not only that the defendant carried a concealed pistol, but also that he had no license to do so. *People* v. *Autry* (1967), 7 Mich App 480, 483. It is well settled in this state that the *corpus delicti* of a crime, or any essential element of it, cannot be established solely by the extrajudicial statements of the accused. *People* v. *Zwierkowski* (1962), 368 Mich 56; *People* v. *Asta* (1953), 337 Mich 590, 613. The only testimony offered as to licensing in this case was that of a police officer that defendant admitted the gun was his and he had no license. Defendant objected that this was not sufficient proof, but the trial judge overruled the objection. See *People* v. *White* (1936), 276 Mich 29; *People* v. *Lee* (1925), 231 Mich 607.

Reversed and remanded for new trial.

---

* This conviction precedes the effective date of PA 1968, No 299 being CL 1948, § 776.20 [Stat Ann 1969 Cum Supp § 28.1274(1)], which provides: "In any prosecution for the violation of any acts of the state relative to use, licensing and possession of pistols or firearms, the burden of establishing any exception, excuse, proviso or exemption contained in any such act shall be upon the defendant but this does not shift the burden of proof for the violation."