PEOPLE *v.* BAKER

1. WEAPONS—CONCEALED PISTOL—ELEMENTS OF CRIME—LICENSE.
   An essential element of the offense of carrying a pistol concealed is that the accused person had no license to carry a concealed pistol at the time the offense was committed (MCLA § 750-.227).

2. WEAPONS—PISTOL—LICENSE—FAILURE OF PROOF.
   Conviction of unlawfully carrying a concealed pistol must be reversed on appeal where the people did not prove that defendant had no license to carry a pistol at the time of the alleged offense even though defense counsel did not call this deficiency in proof to the attention of the trial court (MCLA § 750.227).

3. NEW TRIAL—CRIMINAL LAW—EVIDENCE—SUFFICIENCY.
   A new trial may be ordered in a criminal case even though the prosecution did not introduce sufficient evidence to convict the accused at the first trial where it appears that upon a new trial the prosecution would be able to introduce additional evidence sufficient to support a conviction.

4. NEW TRIAL—CRIMINAL LAW—WEAPONS—CONCEALED—EVIDENCE—SUFFICIENCY.
   A new trial will be ordered when a defendant's conviction of carrying a concealed pistol is reversed because of an inadvertent deficiency in the people's proofs where it is possible that the deficiency could be remedied at a new trial, and the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  56 Am Jur, Weapons and Firearms § 10.
[3, 4]  39 Am Jur, New Trial §§ 6, 7.
[5]  53 Am Jur, Trial §§ 302, 406, 415–419.
[6]  5 Am Jur 2d, Appeal and Error § 545.
[7]  5 Am Jur 2d, Appeal and Error §§ 948, 955.
[8]  21 Am Jur 2d, Criminal Law §§ 310, 318.
[9]  21 Am Jur 2d, Criminal Law § 318.
[10]  21 Am Jur 2d, Criminal Law §§ 316, 317.

evidentiary deficiency was not brought to the trial court's attention by the defense but rather was raised for the first time on appeal (MCLA § 750.227).

5. CRIMINAL LAW—DIRECTED JUDGMENT OF ACQUITTAL—EVIDENCE—INSUFFICIENCY—SPECIFICATION.

An accused who seeks a directed judgment of acquittal because of asserted insufficiency in the people's proofs is required to point out the alleged evidentiary deficiency precisely in order that the people might seek to cure that deficiency.

6. CRIMINAL LAW—DIRECTED JUDGMENT OF ACQUITTAL—EVIDENCE—INSUFFICIENCY.

An accused who raises the issue of evidentiary deficiency for the first time on appeal is not entitled to a discharge on that ground as this would encourage defense counsel to defer raising that issue until appeal in order to deprive the people of the opportunity, which the trial judge might allow were the issue raised at trial, to attempt to supply the missing proof before the trial record is closed.

7. APPEAL AND ERROR—REVERSAL—OTHER GROUNDS—DISCHARGE.

A defendant need not be discharged when he has sought his acquittal on a ground other than the one on which the Court of Appeals reverses.

8. CRIMINAL LAW—ASSISTANCE OF COUNSEL—INDIGENCY—BURDEN OF PROOF.

Failure to advise an accused that he is entitled to a lawyer during questioning and, if necessary, to assistance of counsel appointed at public expense if he cannot afford to hire his own attorney, may be treated as harmless error where an accused is not indigent, but the burden of proving that an accused has been informed of his right to counsel rests with the prosecution.

9. CRIMINAL LAW—ASSISTANCE OF COUNSEL—INDIGENCY—FAILURE OF PROOF.

Defendant's failure to prove his own indigency at his trial did not deprive him of the right to argue on appeal that he was not informed that he was entitled during interrogation to the assistance of counsel to be appointed at public expense.

10. CRIMINAL LAW—ASSISTANCE OF COUNSEL—WAIVER—BURDEN OF PROOF.

The prosecution has the burden of proving that an accused waived his right to the assistance of counsel during interrogation.

Appeal from St. Clair, Halford I. Streeter, J. Submitted Division 2 June 6, 1969, at Detroit. (Docket No. 6,393.) Decided October 2, 1969.

Robert Conrad Baker was convicted of unlawfully carrying a concealed pistol. Defendant appeals. Reversed and remanded for a new trial.

*John D. O'Connell*, for defendant.

Before: FITZGERALD, P. J., and LEVIN and T. M. BURNS, JJ.

LEVIN, J. The defendant, Robert Conrad Baker, appeals his conviction by a judge sitting without a jury of the crime of carrying a concealed weapon.[1]

In *People* v. *Schrader* (1968), 10 Mich App 211,[2] our Court held that where the allegedly concealed weapon is a pistol an essential element of the offense is that the accused person did not have a license to carry a pistol. The evidence in that case showed only that a check of the county clerk's records shortly before the trial indicated that at that time the accused person did not have a license. We held that the people's proofs were deficient because they

---

[1] "Any person who shall carry a dagger, dirk, stiletto or other dangerous weapon except hunting knives adapted and carried as such, concealed on or about his person, or whether concealed or otherwise in any vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him; and any person who shall carry a pistol concealed on or about his person, or, whether concealed or otherwise, in any vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him, without a license to so carry said pistol as provided by law, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 5 years, or by fine of not more than 2,500 dollars." MCLA § 750.227 (Stat Ann 1962 Rev § 28.424).

[2] See, also, *People* v. *Autry* (1967), 7 Mich App 480; *People* v. *Bailey* (1968), 10 Mich App 636; *People* v. *Ramos* (1969), 17 Mich App 515.

must demonstrate that the accused did not have a license at the time the offense was committed.[3]

In this case, although the trial judge in his bench-dictated opinion convicting the defendant stated, "It is admitted he had no license to carry a pistol," there is nothing whatsoever in the record to support this statement; there is no evidence showing whether the defendant did or did not have a license. Since under *Schrader* the people are obliged to prove that the defendant did not have a license, the defendant's conviction cannot stand.

This deficiency in the people's proofs, although argued in the defendant's brief filed with our Court, was not called to the attention of the trial judge by the defendant's counsel. Nevertheless, it is a deficiency which we are obliged to recognize. See *People* v. *Smith* (1932), 260 Mich 486, where the Michigan Supreme Court reversed the defendant's conviction because of insufficiency of evidence even

---

[3] This case was tried before PA 1968, No 299 became effective. That act adds a new section to the code of criminal procedure reading as follows:

"In any prosecution for the violation of any acts of the state relative to use, licensing and possession of pistols or firearms, the burden of establishing any exception, excuse, proviso or exemption contained in any such act shall be upon the defendant but this does not shift the burden of proof for the violation." MCLA 1969 Cum Supp § 776.20 (Stat Ann 1969 Cum Supp § 28.1274[1]).

In this case (see text following this footnote), the people have not proved that the defendant did not have a license at the time the offense was alleged to have been committed as required by *People* v. *Schrader* (1968), 10 Mich App 211.

No claim is made by the people that *Schrader* was incorrectly decided or that under MCLA § 767.48 (Stat Ann 1954 Rev § 28.988) as construed in *People* v. *Baker* (1952), 332 Mich 320, the people were not required as part of their affirmative case to prove that the defendant did not have a license. See, also, *People* v. *Kenyon* (1918), 201 Mich 647, which was decided before MCLA § 767.48 (Stat Ann 1954 Rev § 28.988) was added to the statute books as part of the 1927 code of criminal procedure. Accordingly, we have proceeded on the assumption that the people were required before the enactment of PA 1968, No 299 as part of their affirmative case to prove that the defendant was not licensed to carry a pistol and have not considered and intimate no opinion as to the possible applicability of MCLA § 767.48 (Stat Ann 1954 Rev § 28.988).

though he had neither moved at trial for a directed verdict nor sought appellate reversal on the ground of evidentiary insufficiency. In this connection the Court observed (p 489):

"Conviction by a jury without evidence commands no procedural support, and when the error is fundamental, manifest, and noticed, such a conviction cannot be permitted to stand. The error, in submitting the case to the jury and permitting the finding of guilt and sanction thereof by sentence in the nature of probation, is so fundamental that we cannot but notice the same, and, as a court for the correction of errors, exercise the power of correction."

Although in *Smith* the defendant was discharged, we do not think we are obliged in this case to discharge the defendant Baker. In *Smith*, even if the Supreme Court had ordered a new trial the people could not have cured the evidentiary deficiency. In this case, the inadequacy in the people's proofs was, no doubt, inadvertent.

Courts have ordered new trials even though the government did not introduce sufficient evidence to convict at the first trial in cases where it appeared that upon a new trial the government would be able to introduce additional evidence which would be sufficient to support a conviction.[4] Whether an ap-

---

[4] *Julian* v. *United States* (CA 9, 1968), 391 F2d 279; *United States* v. *Weiler* (CA 3, 1967), 385 F2d 63, 67; *Paternostro* v. *United States* (CA 5, 1962), 311 F2d 298; *United States* v. *Dunn* (CA 6, 1962), 299 F2d 548, 555; *Hopkins* v. *United States* (1959), 107 App DC 126 (275 F2d 155, 158); *Sun B. Lee* v. *United States* (CA 9, 1957), 245 F2d 322; *Thomas* v. *United States* (CA 10, 1956), 239 F2d 7, 10.

The cited cases were decided after *Bryan* v. *United States* (1950), 338 US 552, 559, 560 (70 S Ct 317, 94 L Ed 335). In that case the defendant sought and obtained reversal of his conviction, assigning a number of alleged errors on appeal, including denial of his motion for judgment of acquittal. The United States Supreme Court held that the Court of Appeals had correctly decided that the defendant's conviction must be reversed for insufficiency of evidence. The defendant had sought a new trial; under 28 USCA § 2106, where

pellate court may properly order a retrial where the
trial court erred in refusing to grant an acquittal

---

an accused person obtains a reversal, the appellate court may direct
the entry of "such appropriate judgment * * * as may be just
under the circumstances." The United States Supreme Court declared
that the order granting a new trial was a just and appropriate judg-
ment which the Court of Appeals was authorized to enter under
§ 2106 and stated that the defendant, who had successfully sought
review of his conviction, could not claim a defense of double jeop-
ardy upon a new trial.

In *Sapir* v. *United States* (1955), 348 US 373 (75 S Ct 422, 99
L Ed 426), the United States Supreme Court reversed *per curiam*
without a statement of reasons the order of the Court of Appeals
granting a new trial. Mr. Justice Douglas concurred stating that
an acquittal on appeal for lack of evidence concludes the controversy
under the double jeopardy clause, even if the government has dis-
covered new evidence upon which a conviction could be based, unless
the defendant has moved for a new trial in which latter event "dif-
ferent considerations would come into play, for then the defendant
opens the whole record for such disposition as might be just." *Cf.*
Phillips, The Motion for Acquittal: A Neglected Safeguard, 70 Yale
L J 1130 (1961), discussing the general rule that a defendant who
puts in evidence "waives" a motion for acquittal at the conclusion
of the prosecution's case so that the defendant's evidence can be
considered in passing on the sufficiency of the evidence to convict.

In *Yates* v. *United States* (1957), 354 US 328 (77 S Ct 1064, 1
L Ed 2d 1356), the Supreme Court suggested that a retrial might
be ordered where it was "by no means clear that certain aspects of
the evidence * * * could not have been clarified to the advantage
of the Government had it not been under a misapprehension as to
the burden cast upon it" in seeking a conviction under the Smith
Act. But in *Yates* the Court confined its inquiry to the evidence in
the record, and concluded that the acquittal of some defendants was
(p 328) "unequivocally demanded" and as to others the evidence
was (p 331) "entirely too meager to justify putting them to a new
trial," but that other defendants could be retried because the evi-
dence against them was not (p 332) "so tenuous" that "it would be
impossible for a jury" to convict. The Court again relied on its
powers under § 2106, noting that the defendants had (p 328) "asked
in the alternative for a new trial as well as for acquittal."

In *Forman* v. *United States* (1960), 361 US 416 (80 S Ct 481,
4 L Ed 2d 412), the Court distinguished *Sapir* on the grounds that
in *Forman* there was no lack of evidence in the record "which could
be cured only by the introduction of new evidence" and because a
motion for a new trial had been filed in *Forman*. The *Forman* Court
added that when the defendant appealed (p 426) "he opened up the
case" and he thereby subjected himself to the Court's power under
§ 2106 (p 425) "to go beyond the particular relief sought" and to
grant such "appropriate" relief as is "just under the circumstances."

It is apparent from the foregoing review that the United States
Supreme Court has found that this area of the law presents thorny
problems and has deferred to a later date a rationalization of its
decisions in this area with the due process and the double jeopardy

motion[5] need not detain us, because in this case the trial court's denial of the defendant's acquittal motion did not constitute error. The defendant's acquittal motion was not based on the ground on which we reverse.[6] Accordingly, the trial judge did not err in failing to grant the motion, *i.e.*, "no objection, no ruling, no error."

There are substantial reasons for requiring an accused person who seeks a directed judgment of acquittal because of asserted insufficiency of the people's proofs to point out the inadequacy precisely. Had the defendant in this case highlighted the deficiency before this case was decided, the people might have sought and obtained an adjournment and cured the omission. If we were to discharge a defendant who raises the issue of sufficiency of evidence for the first time on appeal, we would encourage defense counsel to defer raising that issue until appeal with a view to depriving the people of the opportunity, which the trial judge might allow them were the issue raised at trial, to attempt to supply the missing proof before the trial record is closed.[7]

Although we must reverse, even though there was no objection, because a conviction without evidence cannot be permitted to stand in our system of justice, the defendant, not having sought his acquittal on the ground on which we reverse, need not be discharged.

---

clauses. See *People* v. *Brown* (1968), 99 Ill App 2d 281 (241 NE2d 653) which discusses *Bryan, Sapir* and *Forman.*

[5] See *People* v. *Brown, supra,* holding that a new trial may not be ordered in such a case.

[6] The defendant sought a judgment of acquittal on the ground that there was insufficient evidence to show that he was carrying a *concealed* weapon. We reverse because the people failed to prove that the defendant did not have a license to carry a pistol.

[7] *Cf. Hunt* v. *Deming* (1965), 375 Mich 581, 585.

We now address ourselves to a question raised on this appeal which, no doubt, will again arise at the retrial. A police officer testified over objection that after defendant's arrest he made an inculpatory statement. The defendant asserts that apart from the inculpatory statement there was insufficient evidence to show that he was carrying a *concealed* weapon[8] and that the statement was inadmissible because of the failure to advise the defendant of his constitutional rights under *Miranda*.[9] Specifically it is asserted that, although the police officer testified that he informed the defendant that he was entitled to a lawyer during questioning, the officer did not claim he told the defendant that if he could not afford a lawyer one would be appointed for him.[10]

The defendant was represented at trial by retained counsel and, while he filed an affidavit of indigency for appellate counsel and the trial judge assigned appellate counsel, he was also represented on appeal by retained counsel, the same lawyer retained to represent him at the trial.

In *Miranda* the United States Supreme Court intimated that the failure to advise a person who is not indigent of his right to assigned counsel might be treated like harmless error[11] and this intimation has been adopted by a number of courts which have considered the question.[12]

---

[8] The offense of which the defendant was convicted is not committed unless the weapon is in fact carried concealed or in a motor vehicle. See footnote 1.

[9] *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974).

[10] The officer testified that he had related everything he could recall discussing with the defendant concerning his "constitutional rights."

[11] *Miranda* v. *Arizona, supra,* p 473, n 43.

[12] *Commonwealth* v. *Wilbur* (1967), 353 Mass 376 (231 NE2d 919, 923), *cert. den.* (1968), 390 US 1010 (88 S Ct 1260, 20 L Ed 2d 161); *United States* v. *Lubitsch* (SD NY, 1967), 266 F Supp 294, 297, 298; *United States* v. *Hecht* (WD Pa, 1966), 259 F Supp 581,

Since the burden of proving waiver of *Miranda* rights rests with the prosecution,[13] the defendant's failure to prove indigency at the trial did not deprive him of the right to make this argument. On remand the trial judge shall determine whether the defendant was indigent and, if he was, shall not allow repetition of the inculpatory statement.

If the statement made to the police officer is admissible at retrial, the question concerning the sufficiency of the evidence indicating concealment of the weapon may well be academic. Accordingly, we do not consider or decide that question.

Reversed and remanded for a new trial.

All concurred.

---

583; *Dickey* v. *State* (Wyo, 1968), 444 P2d 373, 380. But *cf. Commonwealth* v. *Dixon* (1968), 432 Pa 423 (248 A2d 231). ·

[13] *Miranda* v. *Arizona, supra,* p 475.