PEOPLE *v.* RIOS

PEOPLE *v.* CONTRERAS

1. CRIMINAL LAW — MARIJUANA — LICENSES — SALE WITHOUT A LICENSE — NEGATIVE ALLEGATIONS — PROOF.

In a prosecution for selling marijuana without a license, it is unnecessary for the people to prove the negative allegation that the defendants did not have licenses; the defendants, if they wish so to defend, must produce evidence tending to show that they had licenses (MCLA § 335.152).

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur 2d, Drugs, Narcotics and Poisons § 16.
[2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 2, 16, 43, 45.
[3] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 27, 48.
[4] 5 Am Jur 2d, Arrest § 33.
[5] 30 Am Jur 2d, Evidence §§ 320, 321, 333.

2. CRIMINAL LAW — MARIJUANA — LICENSES — SALE WITHOUT A LICENSE.

The people, in a criminal case of sale of marijuana without a license, do not have to prove that the marijuana allegedly sold was non-exempt marijuana.

3. CRIMINAL LAW—STATUTES—NARCOTICS—MARIJUANA—LICENSES—SALE WITHOUT A LICENSE—SENTENCES—MINIMUM SENTENCE.

A statutory minimum sentence of 20 years for the sale of marijuana without a license is not cruel and unjust punishment where the legislature has classified marijuana as a narcotic and any relaxation in the punishment pertaining to offenses dealing with marijuana, as opposed to other narcotics, must come from the legislature and not the courts.

4. CRIMINAL LAW—DUE PROCESS—DELAY IN ARREST.

The defendants' rights were not violated by a delay of 21 days between their sale of marijuana without a license and their arrest for that act where the defendants were not prejudiced by such delay, the chief witnesses were police officers, and the delay occurred because the police did not want to jeopardize their infiltration into other narcotic activities in the area.

5. CRIMINAL LAW—EVIDENCE OF OTHER CRIMES—HYPODERMIC MARKS.

Testimony that defendant had hypodermic marks on his arms was not inadmissible since hypodermic marks are not, themselves, evidence of a crime.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 June 8, 1970, at Detroit. (Docket Nos. 8,081, 8,569.) Decided October 1, 1970. Leave to appeal granted December 11, 1970. 384 Mich 789.

Edward Rios and Patrick Contreras were convicted of selling marijuana without a license. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendants on appeal.

Before: Holbrook, P. J., and R. B. Burns and O'Hara,* JJ.

R. B. Burns, J.   On September 14, 1956, defendants allegedly sold marijuana to two members of the Detroit Police Department.   They were arrested on October 5, 1956, and tried the following month. They were found guilty by a jury and each was sentenced to 20 to 30 years imprisonment.

Both defendants raise four like grounds for appeal, and Contreras raises two additional grounds.

Both defendants claim the State failed to prove that they did not have a license and, therefore, their convictions cannot be sustained.   They claim the statute under which they were convicted[1] applies to "any person not having a license," and that one of the elements of the crime being the failure to have a license, it was the prosecutor's duty to prove each element of the crime.

The same argument was made in *People* v. *Maurice Thomas* (1970), 26 Mich App 160.

In the *Thomas* case we decided that *People* v. *Baker* (1952), 332 Mich 320, held that under the authority of MCLA § 767.48 (Stat Ann 1954 Rev § 28.988) it was unnecessary for the people to prove negative allegations contained in the statute.   If the defendant wished to defend by showing that he had a license, it was incumbent upon him to produce evidence tending to show that fact.[2]

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 335.152 (Stat Ann 1957 Rev § 18.1122).

[2] We are not unmindful of the line of cases, beginning with *People*

Next, defendants argue that although the prosecution introduced evidence that the substance sold was marijuana (*cannabis sativa*), they did not prove that the substance sold was not from the exempt part of the plant.

MCLA § 335.151(2)(f) (Stat Ann 1970 Cum Supp § 18.1121[2][f]) reads as follows:

"All parts of the plant Cannabis Sativa. The term 'Cannabis' as used in this act shall include all parts of the plant Cannabis Sativa L., whether growing or not, the seeds thereof, the resin extracted from any part of such plant, and every compound, manufacture, salt, derivative, mixture or preparation of such plant, its seeds, or resin; but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from seeds of such plant, other compound, manufacture, salt, derivative, mixture or preparation of such mature stalks, except the resin extracted therefrom, fibre, oil, or cake, or the sterilized seed of such plant which is incapable of germination. This definition is to include marihuana and all allied plants of the cannabis family which are habit forming."

*People* v. *Nelson White* (1970), 26 Mich App 35 rejected this argument and held it was not incumbent upon the People to prove that the marijuana allegedly sold was non-exempt marijuana.

Defendants also claim that the statute imposing a minimum penalty of 20 years imprisonment for such

---

v. *Autry* (1967), 7 Mich App 480 and including *People* v. *Schrader* (1968), 10 Mich App 211; *People* v. *Kelsch* (1969), 16 Mich App 244; and *People* v. *Baker* (1969), 19 Mich App 480. These cases hold that proof of lack of a license to carry a concealed weapon is part of the *corpus delicti* of the crime and thus a burden of the state. PA 1968, No 299, added MCLA § 776.20 (Stat Ann 1970 Cum Supp § 28.1274[1]), placing the burden of establishing any exception, excuse, proviso, or exemption in such prosecutions on the defendant. Thus, these cases have no longer any application to the case at bar.

a conviction results in cruel and unjust punishment. It has been stated many times that appellate courts do not have supervisory control over punishments within the statutory limits.

Marijuana is classified as a narcotic under the statute. If there is to be any relaxation in the penalty for those offenses dealing with marijuana, rather than any other narcotic drugs, this change is for the legislature and not the courts.

Defendants also claim their rights were violated because of the delay between the act of selling the drug (September 14, 1956) and the time of arrest (October 5, 1956). They cite *People* v. *Hernandez* (1968), 15 Mich App 141. The instant case is not similar to *Hernandez*. The defendants were arrested in a much shorter time, the chief witnesses against them were police officers, and both defendants spoke English. The delay occurred because the officers did not want to jeopardize their infiltration into other narcotic activities in the area. The defendants were not prejudiced by the delay.

Defendant Contreras claims the court erred by allowing testimony concerning hypodermic marks on his arms. He claims this was evidence of other crimes and inadmissible. *People* v. *Askar* (1967), 8 Mich App 95. *Askar* is inappropriate. Hypodermic marks by themselves would not be evidence of a crime.

Contrary to defendant Contreras' claim that the verdict was against the weight of the evidence, there was sufficient evidence entered during the trial for the jury to find him guilty.

Affirmed.

All concurred.