PEOPLE *v.* RIOS

PEOPLE *v.* CONTRERAS

1. CRIMINAL LAW—EVIDENCE—BURDEN OF PROOF—STATUTES.
   Shifting the burden of proof goes to the heart of the judicial process and the Michigan Supreme Court will not infer a change in the burden of proof without express statutory language to that effect.

2. POISONS—NARCOTICS—ELEMENTS—LICENSE.
   The elements of the crime of unlawful sale of narcotics without a license are: (1) the lack of license; (2) sale of a prohibited narcotic drug; (3) to another identifiable person (MCLA § 335.152).

3. POISONS—NARCOTICS—LICENSE—PROOF.
   On a charge of unlawful sale of narcotics without a license the facts that one defendant had a criminal record and both defendants had jobs not requiring a narcotic license was not sufficient proof that they did not have a narcotic license for a criminal conviction (MCLA § 335.152).

4. POISONS—NARCOTICS—LICENSE—BURDEN OF PROOF.
   Lack of a license is an element of the offense of unlawful sale of narcotics without a license and the prosecution has the burden of proof beyond a reasonable doubt on this element, as on other elements of crime (MCLA § 335.152).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 125.
[2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 16.
[3] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 44.
[4] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 43, 45.

Appeal from Court of Appeals, Division 1, Holbrook, P. J., and R. B. Burns and O'Hara, JJ., affirming Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted June 22, 1971. (No. 17 June Term 1971, Docket No. 53,084.) Decided November 9, 1971.

27 Mich App 54 reversed.

Edward Rios and Patrick Contreras were convicted of unlawful sale of narcotics. Defendants appealed to the Court of Appeals. Affirmed. Defendants appeal. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for defendants on appeal.

*Amicus Curiae: Campbell, Lee, Kurzman & Leitman.*

SWAINSON, J. Patrick Contreras and Edward Rios were arrested on October 5, 1956 and charged with unlawful sale of narcotics in violation of MCLA § 335.152 (Stat Ann 1957 Rev § 18.1122). They were found guilty by a jury on November 30, 1956. The trial judge sentenced each defendant to from 20 to 30 years imprisonment on December 20, 1956. A delayed motion for new trial was denied on August 26, 1969. In an opinion dated October 1, 1970, the Court of Appeals affirmed. 27 Mich App 54. We granted leave to appeal. 384 Mich 789.

Defendants raise four issues on appeal. However, in view of our disposition of the case we find it necessary to only deal with the first issue. The issue for decision is: Whether in a prosecution for unlawful sale of narcotic drugs, proof of defendant's lack of license is an essential element of the *corpus delicti* of the criminal offense and, therefore, must affirmatively be proved by the people beyond a reasonable doubt?

## I.

It should be noted at the outset that we agree with the people that this case should be decided on the basis of statutory construction. We do not consider the issue of whether the legislature may by appropriate legislation place the burden of proof on the defendant to disprove an element of a crime.

Defendants contend that one of the elements of the crime was the failure to have a license and that the prosecutor failed to prove this element of the crime. The Court of Appeals answered this contention as follows (p 56):

"The same argument was made in *People* v. *Maurice Thomas* (1970), 26 Mich App 160.

"In the *Thomas* case we decided that *People* v. *Baker* (1952), 332 Mich 320, held that under the authority of MCLA § 767.48 (Stat Ann 1954 Rev § 28.988) it was unnecessary for the people to prove negative allegations contained in the statute. If the defendant wished to defend by showing that he had a license, it was incumbent upon him to produce evidence tending to show that fact."

In *People* v. *Baker* (1952), 332 Mich 320, defendant was convicted of the possession of barbituric acid in other than the original container. Baker contended that the people must prove that she did

not come within any of the exceptions under the statute. Our Court held (p 323) that under MCLA § 767.48 (Stat Ann 1954 Rev § 28.988) it was not necessary to allege or prove the negative allegation of the statute.

MCLA § 767.48 (Stat Ann 1954 Rev § 28.988) provides:

"No *indictment* for any offense created or defined by statute shall be deemed objectionable for the reason that it fails to negative any exception, excuse or proviso contained in the statute creating or defining the offense. The fact that the charge is made shall be considered as an allegation that no legal excuse for the doing of the act exists in the particular case." (Emphasis added.)

However, this section deals with pleading and not with burden of proof. Our Court has pointed out that: "The primary purpose of an information is to plainly advise an accused of the offense with which he is charged." *People* v. *Gould* (1926), 237 Mich 156, 164. The legislature, in passing the above statute was attempting to simplify the rules of pleading. A defendant is not prejudiced if an indictment fails to negative an exception, excuse or proviso, because defendant will still have notice of the impending charge. However, shifting the burden of proof goes to the heart of the judicial process. Our Court will not infer a change in the burden of proof without express statutory language to that effect. MCLA § 767.48 (Stat Ann 1954 Rev § 28.988) only deals with indictments. To the extent that *People* v. *Baker, supra,* holds that MCLA § 767.48 (Stat Ann 1954 Rev § 28.988) also applies to burden of proof, it is overruled.

## II.

Defendants contend that this matter is analogous to cases involving the carrying of a concealed weapon. The Court of Appeals answered this contention in footnote 2 of its opinion in this case, wherein it stated (pp 56, 57):

"We are not unmindful of the line of cases, beginning with *People* v. *Autry* (1967), 7 Mich App 480 and including *People* v. *Schrader* (1968), 10 Mich App 211; *People* v. *Kelsch* (1969), 16 Mich App 244; and *People* v. *Baker* (1969), 19 Mich App 480. These cases hold that proof of lack of a license to carry a concealed weapon is part of the *corpus delicti* of the crime and thus a burden of the state. PA 1968, No 299, added MCLA § 776.20 (Stat Ann 1970 Cum Supp § 28.1274[1]), placing the burden of establishing any exception, excuse, proviso, or exemption in such prosecutions on the defendant. Thus, these cases have no longer any application to the case at bar."

The Court of Appeals in a series of decisions beginning with *People* v. *Autry* (1967), 7 Mich App 480, recognized that proof of the lack of a license to carry concealed weapons was part of the *corpus delicti* of the crime.

In *People* v. *Schrader* (1968), 10 Mich App 211, defendant was convicted of robbery armed and carrying a concealed weapon. The Court of Appeals reversed as to the count of carrying a concealed weapon. The Court stated (pp 216, 217):

"It will be noted that an essential element of this statute, as regards a pistol, is 'without a license to so carry said pistol as provided by law,' and this in turn is a matter of proof as to the lack of a license.
* * *

"It will be noted that there is no showing of a lack of a pistol license at the time of the alleged commission of the crime. * * *

"In view of the complete failure of proof of this essential element of the crime, we hold that defendant was improperly convicted of the crime of carrying a concealed weapon * * * ."

In *People* v. *Kelsch* (1969), 16 Mich App 244, 245, the Court said:

"To establish the *corpus delicti* of this felony, the prosecutor must prove not only that the defendant carried a concealed pistol, but also that he had no license to do so. *People* v. *Autry* (1967), 7 Mich App 480, 483. It is well settled in this state that the *corpus delicti* of a crime, or any essential element of it, cannot be established solely by the extrajudicial statements of the accused."

See, also, *People* v. *Baker* (1969), 19 Mich App 480, and *People* v. *Cardenas* (1970), 21 Mich App 636.

Our Court has approved the reasoning advanced in this line of cases. *People* v. *Gould* (1970), 384 Mich 71.

The Court of Appeals stated that this analogy is not applicable because the legislature changed the law and now places the burden of proof on the defendant.[1] However, the change in the law by the legislature is evidence that the state did have the burden of proof in these cases. As the Court of Appeals stated in *People* v. *Jiminez* (1970), 27 Mich App 633, 635:

[1] PA 1968, No 299 ( MCLA § 776.20; Stat Ann 1971 Cum Supp § 28.1274[1]), reads: "In any prosecution for the violation of any acts of the state relative to use, licensing and possession of pistols or firearms, the burden of establishing any exception, excuse, proviso or exemption contained in any such act shall be upon the defendant but this does not shift the burden of proof for the violation."

"However, in that year [1968] the legislature took notice of our decisions holding that *it was the burden of the prosecutor to prove that the defendant did not come within a statutory exception.* The legislature responded by enacting a law which held that, in trials for carrying concealed weapons, the burden is on the defendant to show that he comes within one of the exemptions." (Emphasis added.)

Thus, it is clear that before the enactment of MCLA § 776.20 (Stat Ann 1971 Cum Supp § 28.1274 [1]), proof of lack of a license was part of the *corpus delicti* and the burden of such proof was on the prosecutor.

Thus, an analogous situation applies in the case of unlawful sale of narcotics. MCLA § 335.152 (Stat Ann 1957 Rev § 18.1122) provides:

"Any person not having a license under the provisions of Act No. 343 of the Public Acts of 1937, as amended, being sections 335.51 to 335.78, inclusive, of the Compiled Laws of 1948, who shall sell, manufacture, produce, administer, dispense or prescribe any narcotic drug shall be deemed guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for a term of not less than 20 years nor more than life."

The elements of this crime are: (1) the lack of license; (2) sale of a prohibited narcotic drug; (3) to another identifiable person.[2]

---

[2] Moreover, even if this was not held to be an element of the crime, the result would still be the same. The United States Supreme Court recently pointed out in *United States* v. *Vuitch* (1971), 402 US 62, 70 (91 S Ct 1294, 1298; 28 L Ed 601, 608):

"It is a general guide to the interpretation of criminal statutes that when an exception is incorporated in the enacting clause of a statute, the burden is on the prosecution to plead and prove that the defendant is not within the exception."

Thus, regardless of which analysis is applied, the burden of proof is upon the prosecution.

Other panels of the Court of Appeals have recognized that not having a license is an element of the crime charged under MCLA § 335.152 (Stat Ann 1957 Rev § 18.1122). *People* v. *Mallory* (1966), 2 Mich App 359; *People* v. *Cardenas* (1970), 21 Mich App 636. Thus, the people must prove the element of lack of a license the same as all other elements of a crime. *People* v. *Bagwell* (1940), 295 Mich 412.

The people contend that because Rios had a criminal record and that both Rios and Contreras had jobs not requiring a narcotic license, this was sufficient proof that they did not have a license. However, this was not sufficient proof for a criminal conviction. As our Court pointed out in *People* v. *Gadson* (1957), 348 Mich 307, 310:

"A verdict of guilty in a criminal case cannot properly rest on a mere preponderance of the evidence, but should be based on proof that leaves no reasonable doubt of guilt."

See, also, *People* v. *Morrow* (1970), 21 Mich App 603, 606. Hence, the people failed to meet their burden of proof and the judgments cannot stand. *People* v. *Smith* (1932), 260 Mich 486.

## III.

The people contend that if they are forced to prove lack of license, this would be a very time consuming and costly expense on an overburdened administration of justice. A similar problem occurred in cases involving concealed weapons.

In *People* v. *Braswell* (1968), 12 Mich App 685, the Court affirmed defendant's conviction of carrying a concealed pistol without a license. The trial court had admitted into evidence, over defendant's objection, a certified statement that no record existed showing defendant to be licensed to carry a

concealed weapon.   Defendant contended that the
evidence was hearsay and that its admission denied
her the right to confrontation of cross-examination
of witnesses against her.   The opinion by then
Judge T. G. KAVANAGH [now Supreme Court Jus-
tice] thoroughly analyzed the pertinent authorities
on both sides of the issue.   The opinion pointed
out that while courts had readily permitted certified
documents into evidence to substantiate a certain
fact or occurrence, they had been reluctant to do
so when used to prove no record existed.   Michigan,
however, had passed a statute which allowed the
lack of license to be proved at trial by a statement
certified by the Commissioner of the Michigan State
Police.[3]

The Court in the *Braswell* case stated (p 689):

"We hold therefore that where it is the statutory
duty of a public official to keep certain records, as
was the case here, a certified statement by him con-
cerning those records is both trustworthy and re-
liable.   In view of the impracticability of requiring
the commissioner's testimony concerning the search,
we hold that the admission of his certified statement
in such cases is a necessity.   This statute establishes
a valid exception to the hearsay rule without violat-
ing defendant's constitutional rights to confront and
cross-examine all witnesses against her."

A similar statute applies in the case of narcotic
licenses.   MCLA § 335.53 (Stat Ann 1957 Rev § 18-

---

[3] MCLA § 28.201 (Stat Ann 1969 Rev § 4.470) provides:
"Copies, including photostatic copies, of all records and papers in
the files of the Michigan state police, certified as true copies by the
commissioner of the Michigan state police, shall be evidence in all
cases equally and with like effect as the originals.   A statement
similarly certified as true by the commissioner of the Michigan
state police that no records and papers are in the files of the Michigan
state police with respect to a particular matter shall be evidence in
all cases equally and with like effect as testimony to that effect by
any member or employee of the Michigan state police."

.1073) requires a license for anyone to process, sell, manufacture, et cetera, narcotic drugs. MCLA § 335.54a (Stat Ann 1971 Cum Supp § 18.1074[1]) provides:

"At the trial of any civil or criminal cause, or at the hearing of any matter by an administrative tribunal or a hearing officer thereof, in this state, *a certificate stating that any person named therein is or is not licensed pursuant to the provisions of sections 3 and 4 of this act for the period, or at the time stated therein and certified and signed by the director of drugs and drug stores and bearing the seal of the state board of pharmacy, shall be received in evidence if material to the determination of the cause, and it shall be deemed to be prima facie proof of the facts stated therein.*" (Emphasis added.)

Thus, as pointed out in *Braswell,* the lack of a license could be inexpensively and easily proved, and the fact that the statute was enacted in 1960 would equally indicate that the lack of the prescribed license was and is essential to conviction.

We, therefore, hold that lack of a license is an element of the offense charged under MCLA § 335-.152 (Stat Ann 1957 Rev § 18.1122). The prosecution has the burden of proof beyond a reasonable doubt on this element, as all other elements of crime. The prosecution failed to meet its burden of proof in this case and the convictions cannot stand. The judgments are reversed.

T. M. KAVANAGH, C. J., and ADAMS, T. E. BRENNAN, T. G. KAVANAGH, and WILLIAMS, JJ., concurred with SWAINSON, J.

BLACK, J., concurred in the result.