PEOPLE v MACERI

POISONS—NARCOTICS—UNLICENSED POSSESSION—EVIDENCE—LACK OF LICENSE.

The prosecutor must prove beyond a reasonable doubt that defendant did not have a license to possess narcotics to support a conviction of possession of narcotics without a license, because lack of a license is an essential element of the crime (MCLA 335.153).

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 January 11, 1972, at Detroit. (Docket No. 10027.) Decided February 28, 1972.

Joseph C. Maceri was convicted of possession of narcotics without a license. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*James E. McCarthy,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and VAN VALKENBURG,* JJ.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

REFERENCE FOR POINTS IN HEADNOTE
25 Am Jur 2d, Drugs, Narcotics, and Poisons § 16.

PER CURIAM. The defendant was charged with possession of marijuana and heroin (MCLA 335.153; MSA 18.1123) and was convicted by the court sitting without a jury. Defendant appeals and raises numerous issues; we need consider only one.

At trial the prosecution failed to establish that the defendant did not have a license to possess narcotics. Defendant moved for a directed verdict on this basis, which was denied. Our Supreme Court recently held that:

" * * * lack of a license is an element of the offense charged under MCLA § 335.152 (Stat Ann 1957 Rev § 18.1122). The prosecution has the burden of proof beyond a reasonable doubt on this element, as all other elements of crime." *People* v *Rios,* 386 Mich 172, 181 (1971).

The statute under which defendant was charged and convicted begins with identical language regarding licensing. Therefore, under the mandate in *Rios, supra,* the lack of a license is also an essential element of the crime charged under MCLA 335.153; MSA 18.1123.[1] The prosecution in this case failed to establish that element. Defendant's motion for a directed verdict should have been granted.

Reversed.

---

[1] This requirement seems frivolous because in fact one *cannot* apply for and receive a license to sell, dispense, or possess marijuana or heroin. There are no such licenses, marijuana or heroin being drugs that are not legal in this state or this country.