PEOPLE v CISSOM

1. CRIMINAL LAW—ELEMENTS OF CRIME—REOPENING CASE.
    Reopening a case for admission of proofs of defendant's age after defendant, charged with taking indecent liberties, had moved to dismiss his prosecution on the ground that there was no proof that he was over the age of 16 years, was proper.

2. CRIMINAL LAW—INDECENT LIBERTIES—EVIDENCE—SUFFICIENCY.
    Sufficient evidence was introduced to support a jury's finding defendant guilty of taking indecent liberties with a child under the age of 16 where the victim, a child of 9, testified that the defendant removed her clothing and pressed his nude body against hers, where the victim's mother testified that the child came downstairs after the incident crying and with her dress inside out, a doctor who examined the child soon after the incident testified that the vaginal area disclosed abrasions of recent origin, and an immediate examination of the victim by her mother revealed dog hairs on the pubic area and a dog was known to have slept on the bed.

Appeal from Calhoun, Creighton R. Coleman, J. Submitted Division 2 January 31, 1972, at Lansing. (Docket No. 11316.)  Decided February 29, 1972.

Floyd Cissom was convicted of taking indecent liberties with a child under the age of 16 years. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1]  53 Am Jur, Trial § 123.
[2]  30 Am Jur 2d, Evidence § 1080 et seq.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John M. Jereck,* Prosecuting Attorney, and *Nicholas C. Batch,* Assistant Prosecuting Attorney, for the people.

*Bert W. Schulz,* for defendant on appeal.

Before: DANHOF, P. J., and T. M. BURNS and VAN VALKENBURG,* JJ.

PER CURIAM. Defendant was convicted by a jury of taking indecent liberties with a female child under the age of 16 years. MCLA 750.336; MSA 28.568. This appeal is brought as of right.

Defendant first contends that the prosecution failed to prove a material element of the crime, *i.e.,* that defendant was over the age of 16. Defendant moved to dismiss on these grounds, but the trial court reopened the proofs for purposes of establishing defendant's age. At this point defendant stipulated that he was over 16, since his actual age was in excess of 40. Defendant contends that he should not be bound by the stipulation because the proofs should not have been reopened, but rather the case should have been dismissed due to the people's failure to prove a material element of the crime charged.

Assuming that there was no evidence from which the jury could logically infer that defendant was over the age of 16, the trial court's ruling reopening the case and defendant's stipulation as to his age was a proper procedure for curing the defect. In *People v Baker,* 332 Mich 320, 324 (1952), the Court stated:

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"We note that at the close of the people's case defendant made a motion for a verdict of not guilty, whereupon the trial court reopened the case and permitted a witness for the people to testify that the pills were found lying loose in the purse.[1] It is the rule in criminal cases that the trial court in the exercise of sound discretion may reopen a case for the purpose of admitting testimony in behalf of either the prosecution or the defense."

We therefore hold that the trial court was correct in reopening the case for purposes of receiving proofs as to defendant's age. Defendant is, therefore, bound by the stipulation as to his age made by his attorney after the case was reopened.

Defendant next contends that the evidence was insufficient to establish his guilt beyond a reasonable doubt.

The victim, a child of 9 at the time of the alleged offense and about 11 at the time of trial, testified that defendant forcibly removed her clothing and pressed his own unclothed body against hers, holding her on a bed. Another child who was in the house testified that he heard the victim crying during the time of the alleged offense.

The child's mother testified that the girl came downstairs crying, with red eyes and with her dress inside out. An immediate examination by the mother of the girl revealed dog hairs on the pubic area. A dog was known to have slept on the bed. A doctor testified that an examination of the vaginal area disclosed abrasions of recent origin.

It is our opinion that the jury had sufficient credible testimony to support a finding of guilty beyond a reasonable doubt. Although the complainant was a very young girl, it is the jury's function to give such credit to the testimony of a child as they

---

[1] The prosecution had to prove as part of the *corpus delicti* in *Baker* the drug was not in the original package.

deem it deserves. *People* v *Minchella,* 268 Mich 123 (1934). It is also for the jury to resolve any conflicts in the testimony. *People* v *Clark,* 34 Mich App 70 (1971). We therefore find no merit in defendant's second contention.

Defendant also raises three other issues, all regarding the trial judge's instruction, none of which were properly preserved by an objection. We will not, therefore, discuss the issues except to state that our review of the court's instructions reveal them to be entirely proper. We find no reversible error.

Affirmed.