PEOPLE *v.* ATKINSON

1. TRIAL—FAIR TRIAL—FINING COUNSEL.

   Fining defense counsel, in the presence of the jury, for not identifying photographs by exhibit number did not deny defendant a fair trial where the record shows that the judge had repeatedly told defense counsel to refer to the photographs by number so as not to confuse the jury and defense counsel repeatedly failed to identify them by number.

2. EVIDENCE—REFRESHING RECOLLECTION—MEMORANDUM—ADMISSIBILITY—FOUNDATION.

   A memorandum used to refresh the recollection of a witness was properly excluded from evidence even though counsel had moved for admission where counsel did not lay a proper foundation for the memorandum's admission by examining the witness concerning the memorandum.

3. CRIMINAL LAW—ARREST—HEARSAY—INVITED ANSWER.

   Failure to exclude hearsay testimony of the complaining witness bringing out the fact that the defendant had been arrested for an offense other than the one for which he was on trial was not reversible error where that fact was elicited by a leading question from defendant's own counsel.

Appeal from Muskegon, Charles A. Larnard, J. Submitted Division 3 June 10, 1971, at Grand Rapids. (Docket No. 9085.)   Decided July 28, 1971.   Leave to appeal denied, 386 Mich 772.

James Atkinson was convicted of uttering and publishing a forged instrument.   Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 35, 90.
[2] 58 Am Jur, Witnesses § 579 *et seq.*
[3] 29 Am Jur 2d, Evidence §§ 494–496.
   30 Am Jur 2d, Evidence § 1103.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul M. Ladas,* Prosecuting Attorney, and *Fredric A. Grimm,* Chief Assistant Prosecuting Attorney, for the people.

*Allan S. Lidke,* for defendant on appeal.

Before: R. B. Burns, P. J., and Fitzgerald and J. H. Gillis, JJ.

Per Curiam. Defendant was found guilty by a jury of uttering and publishing contrary to MCLA § 750.249 (Stat Ann 1962 Rev § 28.446) and was sentenced to serve 8 to 14 years in prison. Defendant's motion for a new trial was denied and he appeals.

It was alleged that on April 24, 1969, defendant went to the drive-in window of a bank in Muskegon Heights and cashed a payroll check made out to one James Harris.

Defendant was identified by a cashier at the bank as the man who cashed the check. She identified defendant from a series of photographs shown to her by a captain of the Muskegon Heights police force, and she also identified the defendant in court.

Defendant, pleading alibi, alleged that at the time the offense was committed he was at or near a body shop in another part of the state. Witnesses were presented at trial in an effort to support this claim; but the jury, apparently disbelieving the alibi defense, found him guilty.

Defendant's first allegation is that reversible error was committed when the trial court, in the presence of the jury, fined defendant's counsel for referring to exhibits (certain photographs) without mentioning the number assigned to them. At the time of the incident the testimony concerned two different pic-

tures of the defendant which had been marked as exhibits for identification purposes. The trial judge had repeatedly told counsel to refer to the pictures by their identification numbers to avoid confusion. Counsel repeatedly failed to identify the pictures by their numbers.

While it is clear that a fair jury trial demands judicial impartiality (*People* v. *Cole* [1957], 349 Mich 175, 200; *People* v. *Landrum* [1968], 14 Mich App 237; *People* v. *Bedsole* [1969], 15 Mich App 459, 462), and that a trial judge should not unfairly belittle defense counsel (*People* v. *Neal* [1939], 290 Mich 123; *People* v. *Wilson* [1969], 21 Mich App 36), a reading of the instant record convinces us that the judge's remarks did not go beyond his role in controlling what occurred at trial.

The investigation of this crime by Captain Howell of the Muskegon Heights force which led to defendant's identification and his eventual arrest was a subject of dispute at trial. The court during its own examination of Captain Howell asked him to refer to a certain memorandum made during his investigation. Defense counsel asked to inspect the memorandum and the court granted his request. Defense counsel then moved to have the memorandum admitted into evidence for the purpose of allowing the jury to see the alleged discrepencies in Captain Howell's testimony. This request was denied and defendant argues that such denial was error.

The memorandum in the instant case was not admissible because defendant's counsel failed to lay a proper foundation for its admission. Since he chose not to examine the officer concerning the memorandum there was no theory upon which it was admissible, and the judge's refusal to allow its in-

troduction into evidence cannot now be assigned as error.

Finally, defendant contends that the trial judge erred when he permitted hearsay testimony to be brought out from the complaining witness and in addition emphasized that errror by repeating the hearsay statement upon his own examination of the witness. Since the hearsay statement brought out that defendant had been arrested for an offense other than that for which he was on trial (*People v. Brocato* [1969], 17 Mich App 277), defendant contends it constituted reversible error.

Although the complained-of remark revealed the fact that defendant had been arrested on another charge, this fact was brought out by a leading question from defendant's own counsel. Any error that occurred was invited and defendant cannot now assign it as *reversible* error.

Affirmed.