PEOPLE v BAILEY

Docket No. 77-3214. Submitted June 7, 1978, at Lansing.—Decided
    September 19, 1978.

Eugene Bailey was convicted of delivery of a controlled substance,
    *Jackson Circuit Court, James G. Fleming, J.* The defendant
    appeals, claiming, among other things, that lack of authoriza-
    tion to deliver a controlled substance is an element of the crime
    and that the burden of proof on this issue is unconstitutionally
    shifted from the people to the defendant. *Held:*

    1. Lack of authorization to deliver is not an element of the
    crime of delivery of a controlled substance under the present
    statute.

    2. The Controlled Substances Act does not impermissibly
    shift the burden of proof on the issue of lack of authorization to
    deliver.

    Affirmed.

1. DRUGS AND NARCOTICS—DELIVERY OF CONTROLLED SUBSTANCE—
    LACK OF AUTHORIZATION—ELEMENTS—STATUTES.

    Lack of authorization to deliver is not an element of the crime of
    delivery of a controlled substance under the Controlled Sub-
    stances Act (MCL 335.301 *et seq.;* MSA 18.1070[1] *et seq.).*

2. DRUGS AND NARCOTICS—DELIVERY OF CONTROLLED SUBSTANCE—
    LACK OF AUTHORIZATION—BURDEN OF PROOF—STATUTES.

    The Controlled Substances Act does not impermissibly shift the
    burden of proof from the people to a defendant on the issue of
    lack of authorization to deliver; once the people have presented
    a prima facie case of delivery of a controlled substance, the
    defendant has the burden of injecting the issue of authorization
    to deliver by offering some proof that the delivery was autho-
    rized and the people thereupon are obliged to establish the
    contrary beyond a reasonable doubt; this statutory scheme does
    not offend any principle of justice so rooted in the traditions

and conscience of our people as to be ranked as fundamental (MCL 335.356[2]; MSA 18.1070[56] [2]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Assistant Prosecuting Attorney, for the people.

*Barbara R. Levine,* Assistant State Appellate Defender, for defendant on appeal.

Before: Allen, P. J., and Cynar and D. R. Freeman,* JJ.

D. R. Freeman, J. Defendant, Eugene Bailey, was convicted by a jury on January 23, 1976, of delivery of a controlled substance, MCL 335.341(1)(a); MSA 18.1070(41)(1)(a). He was sentenced to 10–20 years in prison and appeals as of right. We affirm.

Defendant raises several issues, only one of which merits discussion. He asserts that the Controlled Substances Act, MCL 335.301 *et seq.;* MSA 18.1070(1) *et seq.,* shifts to defendant the burden of proof as to an element of the crime, thereby denying him due process of law.[1]

Section 41(1)(a) of the Controlled Substances Act, the provision under which defendant was convicted, provides:

"Except as authorized by this act, it is unlawful for any person to manufacture, deliver or possess with intent to manufacture or deliver, a controlled substance. Any person who violates this subsection with respect to:

A controlled substance classified in schedules 1 or 2 which is a narcotic drug, is guilty of a felony and upon

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] US Const, Am V; Const 1963, art 1, § 17.

conviction may be imprisoned for not more than 20 years or fined not more than $25,000.00, or both."

Section 56(2) of the Controlled Substances Act, MCL 335.356(2); MSA 18.1070(56)(2), provides:

"In the absence of proof that a person is the duly authorized holder of an appropriate registration or order form issued under this act, he is presumed not to be the holder of the registration or form. The burden of proof is upon him to rebut the presumption."

Specifically, defendant argues that, pursuant to § 41(1)(a), lack of authorization to deliver a controlled substance is an element of the crime; and that, pursuant to § 56(2), the burden of proof on this issue is unconstitutionally shifted from the people to the defendant.

Lack of authorization is not an element of the crime of delivery of a controlled substance under the present statute. Defendant's reliance on *People v Rios,* 386 Mich 172; 191 NW2d 297 (1971), and *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977), is misplaced. Although *Rios* held that lack of a license was an element of the crime of sale of narcotics and that the people, therefore, had to prove beyond a reasonable doubt that the defendant did not have a license, that case involved a conviction under MCL 335.151 *et seq.;* MSA 18.1121 *et seq.* The same is true of *Stewart.* That statute was repealed by the Controlled Substances Act. The former statute did not contain a provision such as § 56(2) of the Controlled Substances Act.[2] Section 56(2) makes it

_____

[2] It should be noted that a similar provision, MCL 335.68; MSA 18.1088, was part of the uniform narcotic drug act (also repealed by the Controlled Substances Act), but that it did not apply to prosecutions under the statute involved in *Rios* and *Stewart. See People v Anderson,* 13 Mich App 247, 252; 163 NW2d 793 (1968).

clear that, under the present statute, the people need not prove lack of authorization, *People v Lyons,* 70 Mich App 615, 618–619; 247 NW2d 314 (1976), and we conclude that lack of authorization is not an element of the crime of delivery under the Controlled Substances Act.[3]

Further, § 56(2) does not impermissibly shift the burden of proof on the issue of lack of authorization. In *People v Henderson,* 391 Mich 612; 218 NW2d 2 (1974), the Supreme Court construed MCL 750.227; MSA 28.424 which prohibits the carrying of a concealed weapon in a vehicle, without a license; and MCL 776.20; MSA 28.1274(1) which places the burden on the defendant of establishing any exemption contained in the act. The Court held at 616–617:

"[W]e are persuaded that the crime defined by MCLA 750.227; MSA 28.424 as it concerns this case, has but one element. We are satisfied that the operative words of the statute as they pertain to this defendant are:

" ' * * * any person who shall carry a pistol * * * in any vehicle operated or occupied by him * * * shall be guilty of a felony.'

"The language in the statute 'without a license so to carry said pistol as provided in law' does not add an element to the crime, but simply acknowledges that a person may be authorized so to carry a pistol. This is of the essence of a license.

"A license is the permission by competent authority to do an act which, without such permission, would be illegal.

---

[3] Unquestionably, as a matter of constitutional law, the people must prove beyond a reasonable doubt every element of the crime charged. *In re Winship,* 397 US 358; 90 S Ct 1068; 25 L Ed 2d 368 (1970). Because § 56(2) provides that the people need not prove lack of authorization, and because it is axiomatic that a statute must be construed so as to render it constitutional whenever possible, we believe that the conclusion that, under the present statute, lack of authorization is not an element of the crime of delivery is inescapable.

"Accordingly we hold that upon a showing that a defendant has carried a pistol in a vehicle operated or occupied by him, prima facie case of violation of the statute has been made out. Upon the establishment of such a prima facie case, the defendant has the burden of injecting the issue of license by offering some proof— not necessarily by official record—that he has been so licensed. The people thereupon are obliged to establish the contrary beyond a reasonable doubt.

"We read MCLA 776.20; MSA 28.1274(1), *supra* not as absolving the state from proving one element of a crime, for to do so would vitiate the presumption of innocence. Rather, we read this statute as an appropriate legislative expression that lack of a license is not an element of the offense."

See, also, *People v Dempster,* 396 Mich 700; 242 NW2d 381 (1976), *People v Beatty,* 78 Mich App 510; 259 NW2d 892 (1977), *People v Dean,* 74 Mich App 19; 253 NW2d 344 (1977), *lv den in part* 401 Mich 841 (1977). We believe that the same reasoning is applicable to the provisions under consideration here, and so hold.

In conclusion, we note that the Supreme Court has stated:

"[I]t is 'normally within the power of the State to regulate procedures under which its laws are carried out, including the burden of producing evidence and the burden of persuasion,' and its decision in this regard is not subject to proscription under the Due Process Clause unless 'it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" (Citations omitted.) *Patterson v New York,* 432 US 197, 201–202; 97 S Ct 2319; 53 L Ed 2d 281 (1977).

The statutory provisions construed in the case at bar do not vitiate the presumption of innocence— it is presumed that the defendant did not deliver a

controlled substance. They do not shift the burden of proof as to any element of the crime—the people must prove beyond a reasonable doubt that the defendant did deliver a controlled substance. And, if the defendant adduces any evidence of authorization, the people must also prove beyond a reasonable doubt that he had no such authorization. Concrete evidence on this latter point is readily available to either party through official documents. Realistically, it is all but inconceivable that even one defendant charged with delivery of a controlled substance, who in fact had authorization to do so, will ever be wrongfully convicted under the Controlled Substances Act. Clearly, this statutory scheme does not offend any "principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental". *Id.*

Affirmed.