PEOPLE v BATES

Docket No. 77-3317. Submitted June 22, 1979, at Detroit.—Decided
    August 6, 1979. Leave to appeal denied, 407 Mich —.

James Bates was convicted of delivery of heroin, St. Clair Circuit
    Court, Ernest F. Oppliger, J. The defendant appeals, alleging
    that 1) the trial court improperly allowed the admission of
    evidence of a delivery of heroin subsequent to the transaction
    for which the defendant was on trial, 2) lack of authorization to
    deliver is an element of the crime which had to be proven by
    the people but that, under certain provisions of the Controlled
    Substances Act, the burden of proof on this issue was unconsti-
    tutionally shifted to the defendant, and 3) the trial court
    committed reversible error when it instructed the jury on the
    use of defendant's prior convictions where no such evidence
    was brought forth at trial. *Held:*

1. The evidence of the subsequent delivery of heroin was
    relevant to a factual dispute, the defendant's intent to deliver.
    The trial judge gave proper cautionary instructions regarding
    the use of the evidence of similar acts. There was no abuse of
    the trial court's discretion by allowing evidence of the second
    sale of heroin to be introduced.

2. Lack of a license to deliver narcotics is not an element of
    the crime of delivery of heroin. The evidential demands placed
    on the defendant by the relevant portions of the Controlled
    Substances Act do not impermissibly shift the burden of proof
    to the defendant. Had the defendant presented some competent
    evidence that he was authorized by license to deliver heroin (a

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 321.
[2] 29 Am Jur 2d, Evidence § 320 *et seq.*
[3] 29 Am Jur 2d, Evidence §§ 320 *et seq., 333.*
    Admissibility of evidence as to other offenses as affected by defen-
    dant's acquittal of that offense. 86 ALR2d 1132.
[4] 29 Am Jur 2d, Evidence §§ 298, 321.
[5] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 45, 47.
[6] 29 Am Jur 2d, Evidence § 12.
[7] 51 Am Jur 2d, Licenses and Permits § 1.
[8] 5 Am Jur 2d, Appeal and Error § 715 *et seq.*

readily ascertainable fact particularly within his knowledge) the prosecution would have had to prove to the contrary beyond a reasonable doubt.

3. The instruction on the use of evidence of the defendant's prior convictions was in response to a request for such instructions by defense counsel. Invited errors occasioned by defense tactics may not, on appeal, be assigned as grounds for reversal.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — ADMISSIBILITY — STATUTES.

Generally, evidence tending to show that a defendant has committed crimes or bad acts other than those charged is inadmissible because its probative value is outweighed by the likelihood of impermissible prejudice; however, the similar acts statute provides a statutory exception to the rule (MCL 768.27; MSA 28.1050).

2. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — ISSUE IN DISPUTE — STATUTES.

Evidence of similar criminal acts must be necessary to an issue in dispute to be admissible under the similar acts statute (MCL 768.27; MSA 28.1050).

3. CRIMINAL LAW — EVIDENCE — OTHER BAD ACTS — ADMISSIBILITY — REQUIREMENTS — STATUTES.

Evidence of a defendant's bad acts other than the charged offense is inadmissible unless it satisfies the following requirements: (1) there must be substantial evidence that the defendant actually perpetrated the bad act the evidence of which is sought to be introduced, (2) there must be some special circumstances of the bad act which are probative of the defendant's motive, intent, absence of mistake or accident, scheme, plan or system in committing the charged offense, (3) the defendant's motive, intent, absence of mistake or accident, scheme, plan or system must be material to the determination of the defendant's guilt of the charged offense, and (4) the matter which they tend to prove is disputed by the defendant, for example, in opening argument, by the evidence adduced in cross-examination of prosecution witnesses or by the presentation of evidence (MCL 768.27; MSA 28.1050).

4. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — ADMISSIBILITY OF EVIDENCE.

Admission at trial of evidence of a criminal defendant's similar bad acts depends upon, *inter alia,* the availability of other, less

harmful sources of proof, the tendency of the evidence to inflame the jury, the potential for confusion of the issues and the need for the proffered evidence to prove an element of the case.

5. DRUGS AND NARCOTICS — DELIVERY OF CONTROLLED SUBSTANCE — LACK OF AUTHORIZATION — ELEMENTS — STATUTES.

Lack of authorization to deliver is not an element of the crime of delivery of a controlled substance under the Controlled Substances Act (MCL 335.301 *et seq.;* MSA 18.1070 *et seq.).*

6. DRUGS AND NARCOTICS — DELIVERY OF CONTROLLED SUBSTANCE — LACK OF AUTHORIZATION — BURDEN OF PROOF — STATUTES.

The Controlled Substances Act does not impermissibly shift the burden of proof from the people to a defendant on the issue of lack of authorization to deliver; once the people have presented a prima facie case of delivery of a controlled substance, the defendant has the burden of injecting the issue of authorization to deliver by offering some proof that the delivery was authorized and the people thereupon are obliged to establish the contrary beyond a reasonable doubt (MCL 335.356[2]; MSA 18.1070[56][2]).

7. LICENSES — DEFINITION — WORDS AND PHRASES.

A license is the permission by competent authority to do an act which, without such permission, would be illegal.

8. CRIMINAL LAW — APPEAL AND ERROR — INVITED ERROR — DEFENSE COUNSEL.

Invited errors occasioned by tactics by defense counsel may not, on appeal, be assigned as grounds for reversal.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*P. E. Bennett,* Assistant State Appellate Defender, for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and D. C. RILEY and J. X. THEILER,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

D. C. RILEY, J. Defendant was jury convicted of delivery of heroin, MCL 335.341(1)(a); MSA 18.1070(41)(1)(a), and sentenced to a term of 7-1/2 to 20 years imprisonment.

The essential facts of the alleged crime are not in dispute. State Police Trooper Phillip Maddox testified that, at the time of defendant's arrest, he was working undercover in the City of Port Huron. On December 15, 1975, at approximately 5 p.m., he met defendant in the Red Shingle Bar, and tried to arrange for the purchase of heroin. Defendant told the officer that he would meet him at room 9 of the nearby Serenade Motel. At that time, defendant received $50 from Maddox and instructed him to return to the bar. Shortly thereafter, Bates returned, led Maddox outside, and directed him to go to a post located in front of the bar. While defendant stood by, Maddox picked up a brown paper bag which contained five metal foil packets, later determined to contain heroin.

Following the officer's testimony concerning the events of December 15, 1975, he further indicated, in response to questioning by the prosecutor, that he had a similar dealing with defendant on or about January 21, 1976. Over objection by defense counsel, the trial court ruled that evidence of the subsequent sale was admissible under the similar acts statute, MCL 768.27; MSA 28.1050, to show scheme, design or intent, and further cautioned the jury as to its limited admissibility.

Defendant testified in his own behalf, and denied any delivery of heroin. He admitted taking the $50 from Maddox at the Serenade Motel as a favor, but stated that a man named Allan Brown had actually been the supplier of the narcotics.

On appeal, defendant raises three issues which we consider in turn.

First, he contends that the trial judge erred in admitting evidence of the January 21, 1976, transaction.

Generally, evidence tending to show that a defendant has committed crimes or bad acts other than those charged is inadmissible because its probative value is outweighed by the likelihood of impermissible prejudice. *People v Wilkins,* 82 Mich App 260, 265; 266 NW2d 781 (1978), *People v Gibson,* 66 Mich App 531, 536; 239 NW2d 414 (1976). However, MCL 768.27; MSA 28.1050 provides a statutory exception to the rule:

> "In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

Similar acts may not be introduced unless the matter they tend to prove is disputed. *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977), *Wilkins,. supra,* at 268. Such matters are deemed disputed by a defendant, where, for example, he places them in issue by opening argument, cross-examination, or the presentation of affirmative evidence. *Wilkens, supra,* at 268-269. In the case at bar, defendant, by opening argument,[1] and testimony

---

[1] In his opening statement to the jury defense counsel stated that
"The real question I think in this case is going to be, whether or not what happened was actually a crime. * * * [T]he issue I think when everything is all boiled down here will be whether or not the role Mr. Bates played in this particular transaction is a crime."

that he took no part in the actual delivery, clearly put in issue the question of his intent to deliver.

However, *Wilkins, supra,* at 267-268, went on to catalogue an additional three-step analysis regarding the admission of similar acts:

"First, there must be substantial evidence that the defendant actually perpetrated the bad act sought to be introduced. *People v Davis,* 343 Mich 348; 72 NW2d 269 (1955), McCormick, Evidence (2d ed), § 190.

"Second, there must be some special circumstances of the prior bad act which tend to prove one of the statutory items. *People v Lundberg, supra* [364 Mich 596; 111 NW2d 809 (1961)], *People v Padgett,* 306 Mich 545; 11 NW2d 235 (1943). For example, if a defendant were charged with robbery, another robbery committed by the defendant would not be admissible to prove intent merely because it also involved specific intent to rob. The law requires an additional showing that the facts or circumstances of the other bad acts are probative of the defendant's motive, intent, absence of mistake or accident, scheme, plan or system *in committing the charged offense.* See, *People v Locke,* 275 Mich 333; 266 NW 370 (1936), Slough and Knightly, *Other Vices, Other Crimes,* 41 Iowa L Rev 325 (1956). In the absence of such a connection, the evidence would be inadmissible.

"The third requirement is that the defendant's motive, intent, absence of mistake or accident, scheme, plan or system must be material to the determination of the defendant's guilt of the charged offense. *People v Oliphant, supra,* [399 Mich 472; 250 NW2d 443 (1976)], *People v Riddle,* 322 Mich 199; 33 NW2d 759 (1948), *People v Stander,* 73 Mich App 617; 251 NW2d 258 (1977)." (Emphasis in original. Footnotes omitted.)

Applying the *Wilkins* criteria to the present case, the parties concede that there was substantial evidence that defendant actually delivered heroin to Officer Maddox on January 21, 1976.

With regard to the second element, the record

offers striking similarities between the two heroin transactions in issue. Both incidents involved the illegal delivery of heroin in which both defendant and Officer Maddox were participants. Both involved the same motel and room number, and in each the delivery and subsequent pickup occurred at the Red Shingle Bar. The factual setting in each transaction was the same. Defendant's acts were not spurious and unrelated, but differed only in time and quantity of heroin delivered.

Inasmuch as defendant admitted his participation in the actual delivery of January 21, 1976, the circumstances of that transaction are particularly probative of defendant's scheme, plan, and system in committing the presently charged offense as they relate to the intent to deliver. Because intent to deliver is a statutory element of the instant crime, its materiality to a determination of defendant's guilt is patent. Thus, *Wilkins'* third requirement is also met.

Despite the satisfaction of these standards, it remains necessary to finally consider whether the probative value of the evidence outweighs the prejudicial effect. *People v Oliphant, supra,* at 489-490. Admission at trial depends upon, *inter alia,* the availability of other, less harmful sources of proof, the tendency of the evidence to inflame the jury, the potential for confusion of the issues, and the need for the proffered evidence to prove an element of the case. *Oliphant, supra, People v Spillman,* 399 Mich 313, 319-320; 249 NW2d 73 (1976), *People v Wilkins, supra,* at 270-271, *People v Fisher,* 77 Mich App 6, 11; 257 NW2d 250 (1977).

Looking to the present facts, we note in the record a paucity of other evidence from which to show defendant's intent to commit the offense. Nor can we conclude that the evidence of the second

transaction was unduly inflammatory, or that it was likely to confuse the issues in the trial. Intent was a clearly defined issue in the case, and the trial judge's cautionary instruction meticulously limited the jury's reflection of the challenged evidence to that question. We hold, therefore, on these facts, that the lower court did not abuse its discretion by admitting into evidence testimony regarding the second sale of heroin. See *People v Jones,* 83 Mich App 559, 567; 269 NW2d 224 (1978), *People v McNeill,* 81 Mich App 368, 378; 265 NW2d 334 (1978).

Defendant's next allegation bears upon two provisions of the Controlled Substances Act, MCL 335.301 *et seq.;* MSA 18.1070(1) *et seq.*

Section 41(1) provides in pertinent part:

"Except as authorized by this act, it is unlawful for any person to manufacture, deliver or possess with intent to manufacture or deliver, a controlled substance." MCL 335.341(1); MSA 18.1070(41)(1).

Section 56(1) and (2) states that:

"(1) It is not necessary for the state to negate any exemption or exception in this act in any complaint, information, indictment or other pleading or in any trial, hearing or other proceeding under this act. The burden of proof of any exemption or exception is upon the person claiming it.

"(2) In the absence of proof that a person is the duly authorized holder of an appropriate registration or order form issued under this act, he is presumed not to be the holder of the registration or form. The burden of proof is upon him to rebut the presumption." MCL 335.356(1) and (2); MSA 18.1070(56)(1) and (2).

Specifically, defendant asserts that, pursuant to § 41(1), lack of authorization to deliver is an ele-

ment of the crime which must be proven by the people; and that, under § 56(1) and (2), the burden of proof is, in violation of due process,[2] unconstitutionally shifted to him.

Defendant's first premise has been rejected by this Court in *People v Bailey,* 85 Mich App 594, 596-597; 272 NW2d 147 (1978), and *People v Lyons,* 70 Mich App 615, 618-619; 247 NW2d 314 (1976). See also *People v Dean,* 74 Mich App 19; 253 NW2d 344 (1977), *lv den in part* 401 Mich 841 (1977). The reliance placed upon *People v Rios,* 386 Mich 172, 178; 191 NW2d 297 (1971), and *People v Stewart (On Rehearing),* 400 Mich 540, 551; 256 NW2d 31 (1977), is misguided. Those decisions held that lack of a license was an element of the crime of sale of narcotics, but involved conviction under a differently worded statute[3] than that at issue in the present case.

Nor, as a corollary, do we find that § 56 impermissibly shifts the burden of proof to defendant to establish a license in order to fit within an exception to the statute. In *People v Henderson,* 391 Mich 612; 218 NW2d 2 (1974), the Supreme Court construed MCL 750.227; MSA 28.424 which prohibits the carrying of a weapon in a vehicle "without a license to so carry"; and MCL 776.20; MSA 28.1274(1) which gives defendant the burden of establishing any applicable exemption. The Court held at 616:

"[W]e are persuaded that the crime defined by MCLA

---

[2] US Const, Am V; Const 1963, art 1, § 17.

[3] "Any person not having a license under the provisions of Act No. 343 of the Public Acts of 1937, as amended, being sections 335.51 to 335.78, inclusive, of the Compiled Laws of 1948, who shall sell, manufacture, produce, administer, dispense or prescribe any narcotic drug shall be deemed guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for a term of not less than 20 years nor more than life." MCL 335.152; MSA 18.1122, since repealed.

750.227; MSA 28.424 as it concerns this case, has but one element. We are satisfied that the operative words of the statute as they pertain to this defendant are:

" '* * * any person who shall carry a pistol * * * in any vehicle operated or occupied by him * * * shall be guilty of a felony.'

"The language in the statute 'without a license so to carry said pistol as provided by law' does not add an element to the crime, but simply acknowledges that a person may be authorized so to carry a pistol. This is of the essence of a license.

"A license is the permission by competent authority to do an act which, without such permission, would be illegal.

"Accordingly we hold that upon a showing that a defendant has carried a pistol in a vehicle operated or occupied by him, prima facie case of violation of the statute has been made out. *Upon the establishment of such a prima facie case, the defendant has the burden of injecting the issue of license by offering some proof—not necessarily by official record—that he has been so licensed. The people thereupon are obliged to establish the contrary beyond a reasonable doubt.*" (Emphasis supplied.)

In *People v Dempster,* 396 Mich 700; 242 NW2d 381 (1976), defendants alleged that the securities in question were exempt from the registration requirement and that their burden of proving an exemption, as required by statute, violated their constitutional right to be innocent until proven guilty. The Court responded that defendants' exemption argument was in the nature of an affirmative defense, and reiterated the underscored reasoning of *Henderson, supra.* 396 Mich at 711-714.

Similarly, we hold, as have other panels of this Court, *People v Bailey, supra,* at 597-598, *People v Dean, supra,* at 27, see also *People v Beatty,* 78 Mich App 510, 514; 259 NW2d 892 (1977), that the evidential demands placed on defendant by § 56(1)

and (2) are not constitutionally proscribed. The prosecution establishes a prima facie case by evidence linking defendant with each element of the crime of delivery of heroin. Upon defendant's presentation of some competent evidence that he is authorized by license (a readily ascertainable fact particularly within his knowledge), the people must then prove to the contrary beyond a reasonable doubt.

Finally, defendant's contention that the trial court committed reversible error when it instructed the jury on the use of defendant's prior criminal convictions, where no such evidence was brought forth at trial, merits little discussion. The transcript reveals that defense counsel requested a limiting instruction on impeachment by previous felony conviction although the trial judge originally did not intend to so instruct the jury. Defendant was never impeached by his convictions at trial; defense counsel apparently believed the charge was necessary due to his own repeated references to defendant's prior record during voir dire and opening statement. Invited errors occasioned by defense tactics may not, on appeal, be assigned as grounds for reversal. *People v McDaniels,* 38 Mich App 174, 177; 196 NW2d 25 (1972), *lv den* 387 Mich 787 (1972), *People v Atkinson,* 35 Mich App 338, 341; 192 NW2d 687 (1971), *lv den* 386 Mich 772 (1971).

Affirmed.