PEOPLE v WOOSTER

Docket Nos. 78382, 78383. Submitted March 13, 1985, at Lansing.—
Decided June 4, 1985.

James W. Wooster, in two separate trials in Lapeer Circuit Court,
was convicted first of delivery of LSD and then of unlawful
possession of marijuana with intent to deliver and was sen-
tenced, Martin E. Clements, J. Defendant filed separate appeals
from the two convictions. The appeals have been consolidated.
*Held:*

1. Defendant's assertion that the prosecutor was required to
prove that defendant did not have a license to distribute LSD
or marijuana is without merit.

2. There was sufficient evidence presented at trial to support
a guilty verdict on the charge of delivery of LSD.

3. There was no abuse of discretion in the trial court's
admission of evidence of defendant's prior conviction of delivery
of LSD for impeachment purposes in defendant's trial on the
marijuana charge.

Affirmed.

SHEPHERD, P.J., concurred in part and dissented in part. He
would affirm defendant's conviction of delivery of LSD but
would reverse the marijuana conviction on the ground that the
trial court abused its discretion by admitting evidence of the
LSD conviction in the subsequent trial on the marijuana
charge. He does not believe that the trial court's ruling as to
the admissibility of the evidence of the LSD conviction repre-
sents an appropriate balance of the probative worth of the
conviction and its prejudicial effect. He would also hold that
the fact that the trial court recognized and exercised its discre-
tion and balanced the factors to be weighed before allowing
admission of evidence of the LSD conviction does not mean that
the Court of Appeals should refrain from meaningful review of
the decision to permit the admission of the evidence.

REFERENCES FOR POINTS IN HEADNOTES
[1] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 16-27.
[2, 3] 29 Am Jur 2d, Evidence § 320 *et seq.*
Admissibility of evidence of accused's drug addiction or use to show
motive for theft of property other than drugs. 2 ALR4th 1298.

1. Controlled Substances — Delivery of Controlled Substances — Lack of License or Authorization.

Lack of a license or authorization to deliver is not an element for the crime of delivery of a controlled substance to be proven beyond a reasonable doubt by the prosecution (MCL 333.7531; MSA 14.15[7531]).

Partial Concurrence and Partial Dissent by Shepherd, P.J.

2. Criminal Law — Evidence — Prior Convictions — Impeachment.

*The purpose of the requirement that a trial court recognize and exercise discretion with respect to the admission of evidence of a defendant's prior convictions is two-fold: (1) to put before the jury only those prior convictions indicative of the defendant's disposition toward truthfulness and veracity and (2) to keep from the jury those convictions which, although they may be indicative of the defendant's disposition toward truthfulness, may interfere with the jury's ability to determine the defendant's guilt or innocence on the basis of the evidence.*

3. Criminal Law — Evidence — Prior Convictions — Impeachment — Appeal.

*The Court of Appeals should not refrain from meaningful review of a trial court's decision as to the admissibility of evidence of a criminal defendant's prior convictions for purposes of impeachment simply because the trial court recognized its discretion to rule on the admissibility of the evidence and referred to the appropriate factors in reaching a decision; rather, the Court of Appeals should consider the merits of the trial court's ruling in light of the factors to be considered and determine whether the trial court's ruling represents an appropriate balance of the probative worth and the prejudicial effect of the evidence.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Nick O. Holowka,* Prosecuting Attorney, and *Dennis F. Murphy,* Assistant Prosecuting Attorney, for the people.

*George J. Stauch, Jr.,* for defendant on appeal.

Before: SHEPHERD, P.J., and V. J. BRENNAN and C. JOBES,* JJ.

V. J. BRENNAN, J. Following a jury trial held on February 28, 1984, in Lapeer County Circuit Court, the defendant was convicted of delivery of Lysergic Acid Diethylamide (LSD), MCL 333.7401(1) and (2)(b); MSA 14.15(7401)(1) and (2)(b). He was sentenced on April 16, 1984, to 36 months probation, the first six months to be spent in the Lapeer County Jail, and he appeals as of right. (Docket No. 78383).

After a jury trial held in Lapeer County Circuit Court on April 10 and 11, 1984, defendant was convicted of unlawful possession of marijuana with the intent to deliver, MCL 333.7401(1) and (2)(c); MSA 14.15(7401)(1) and (2)(c). He was sentenced on April 16, 1984, to serve 4 months in the Lapeer County Jail. His sentence was to be served concurrently to the LSD delivery conviction. Defendant appeals as of right (Docket No. 78382).

The appeals were consolidated for our review by order of this Court on February 6, 1985.

Common to both appeals is the issue of whether the prosecutor must prove lack of a license or authorization to sell or deliver as an element of the crimes for which defendant was convicted. We hold that lack of a license is not an element for either crime to be proven beyond a reasonable doubt by the prosecution.

MCL 333.7401; MSA 14.15(7401) proscribes the delivery of controlled substances. Section 7531 of the controlled substances article of the Public Health Code, MCL 333.7101 *et seq.;* MSA 14.15(7401) *et seq.,* precludes a determination that "lack of license" is an element of the crime of

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

delivery of a controlled substance. Section 7531 provides in pertinent part:

"(1) It is not necessary for this state to negate any exemption or exception in this article in a complaint, information, indictment, or other pleading or in a trial, hearing, or other proceeding under this article. The burden of proof of an exemption or exception is upon the person claiming it.

"(2) In the absence of proof that a person is the authorized holder of an appropriate license or order form issued under this article, the person is presumed not to be the holder of the license or order form. The burden of proof is upon the person to rebut the presumption." MCL 333.7531; MSA 14.15(7531).

Prior to the adoption of the Public Health Code in 1978, § 41(1) of the Controlled Substances Act of 1971 (MCL 335.301 *et seq.;* MSA 18.1070(1) *et seq.)* made it "unlawful for any person to manufacture, deliver or possess with intent to manufacture or deliver, a controlled substance". MCL 335.341(1); MSA 18.1070(41)(1). Like § 7531 of the 1978 act, § 56 of the 1971 act removed the responsibility for proving the absence of a license from the prosecution:

"(1) It is not necessary for the state to negate any exemption or exception in this act in any complaint, information, indictment or other pleading or in any trial, hearing or other proceeding under this act. The burden of proof of any exemption or exception is upon the person claiming it.

"(2) In the absence of proof that a person is the duly authorized holder of an appropriate registration or order form issued under this act, he is presumed not to be the holder of the registration or form. The burden of proof is upon him to rebut the presumption." MCL 335.356(1) and (2); MSA 18.1070(56)(1) and (2).

Pursuant to § 41(1) of the 1971 act, this Court

has determined that lack of license or authorization is not an element of the crime of delivery of a controlled substance. *People v Bates,* 91 Mich App 506, 514; 283 NW2d 785 (1979), *lv den* 407 Mich 930 (1979); *People v Bailey,* 85 Mich App 594, 596-597; 272 NW2d 147 (1978), *lv den* 406 Mich 1017 (1979); *People v Lyons,* 70 Mich App 615, 618-619; 247 NW2d 314 (1976). Moreover, in both *Bates* and *Bailey, supra,* this Court found that § 56 of the 1971 act was not an impermissible shift of the burden of proof to defendant to establish a license. The *Bailey* Court explained:

"The statutory provisions construed in the case at bar do not vitiate the presumption of innocence—it is presumed that the defendant did not deliver a controlled substance. They do not shift the burden of proof as to any element of the crime—the people must prove beyond a reasonable doubt that the defendant did deliver a controlled substance. And, if the defendant adduces any evidence of authorization, the people must also prove beyond a reasonable doubt that he had no such authorization. Concrete evidence on this latter point is readily available to either party through official documents. Realistically, it is all but inconceivable that even one defendant charged with delivery of a controlled substance, who in fact had authorization to do so, will ever be wrongfully convicted under the Controlled Substances Act." 85 Mich App 598-599.

Defendant's reliance on *People v Stewart (On Rehearing),* 400 Mich 540, 551; 256 NW2d 31 (1977), is misguided. *Stewart's* holding that lack of a license was an element of the crime of sale of narcotics was based upon a differently worded statute which began with the phrase "[a]ny person not having a license". MCL 335.152; MSA 18.1122, which was repealed by the Controlled Substances Act of 1971.

Defendant's assertion that the prosecutor was

required to prove that defendant did not have a license to distribute LSD or marijuana is without merit.

Defendant's next claim is that there was insufficient evidence presented at trial to support a guilty verdict on the charge of delivery of LSD. We disagree. Our review of the record reveals that there was sufficient evidence presented at trial for a rational trier of fact to conclude that the essential elements of the crime were proven beyond a reasonable doubt. Our review also reveals that there was no abuse of discretion in the trial court's admission of evidence of defendant's prior conviction for impeachment purposes in his trial on the marijuana charge. The trial court recognized and exercised its discretion and balanced the factors to be weighed before allowing admission of evidence of the LSD conviction.

Affirmed as to Docket No. 78382 and Docket No. 78383.

C. Jobes, J., concurred.

Shepherd, P.J. *(concurring in part and dissenting in part).* I agree that defendant's conviction for delivery of LSD should be affirmed (Docket No. 78383). However, I believe the trial court abused its discretion by admitting evidence of that conviction to impeach defendant in the subsequent trial on the marijuana charge (Docket No. 78382) and that the error is serious enough to warrant reversal.

Delivery of LSD is not "an offense which directly bears on credibility". *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978). The prior conviction was for conduct virtually identical to the charged offense. *Id.* Although defendant testified despite the trial court's ruling, it seems to me that

unfair prejudice may have resulted. The jury may well have convicted defendant based on an inference "that because he was previously convicted he likely committed this crime". *Id.*

In *People v Hughes,* 411 Mich 517, 520-521; 309 NW2d 525 (1981), the Supreme Court stated the purposes of the requirement that the trial court recognize and exercise discretion with respect to the admission of evidence of a defendant's prior convictions:

"The purpose of this inquiry is two-fold:

"1) To put before the jury only those prior convictions indicative of the defendant's disposition toward truthfulness and veracity; and

"2) To keep from the jury those convictions which, although they may be indicative of defendant's disposition toward truthfulness, may interfere with the jury's ability to determine the defendant's guilt or innocence on the basis of the evidence. Such interference is what is meant by 'prejudice'."

The trial court's ruling in this case advances neither of these purposes. This Court should not refrain from meaningful review simply because the trial court recognized its discretion and referred to the appropriate factors. *Crawford, supra.* We must consider the merits of the ruling in light of those factors. I do not believe that the trial court's ruling represents an appropriate balance of the probative worth of the conviction and its prejudicial effect. I would reverse the conviction in case No. 78382.