PEOPLE v PEGENAU

Docket No. 137109. Submitted October 6, 1992, at Marquette. Decided
April 5, 1993, at 10:05 A.M. Leave to appeal sought.

Robert P. Pegenau, Jr., was convicted by a jury in the Marquette
Circuit Court, Edward A. Quinnell, J., of unlawful possession of
the controlled substance Valium and of unlawful possession of
the controlled substance Xanax. He appealed from the denial of
his motions for a directed verdict, judgment notwithstanding
the verdict, and a new trial.

The Court of Appeals *held:*

1. Pursuant to MCL 333.7531; MSA 14.15(7531), the burden
of proof was on the defendant to show the applicability of the
provision in the controlled substances act that a person found
in possession of a controlled substance does not possess it
illegally if the substance was obtained through a valid prescrip-
tion of a practitioner, MCL 333.7403(1); MSA 14.15(7403)(1).

2. When the defendant presented some competent evidence
that the controlled substances were obtained pursuant to a
doctor's prescription and that, therefore, he was authorized to
possess the substances, he rebutted the presumption of illegal
possession provided in § 7531. The presumption provided in
§ 7403(1) then applied, and the burden shifted to the prosecu-
tion to prove beyond a reasonable doubt a lack of authorization.
The defendant was not required to show a specific prescription
for the controlled substances in order to rebut the presumption
of unlawful possession provided in MCL 333.7531; MSA
14.15(7531).

3. The trial court abused its discretion in failing to grant the
defendant's motion for a new trial. It did not err in denying the
motion for a directed verdict because, at the time the motion
was made, the defendant had not presented any evidence that
would require the prosecution to prove unlawful possession.

Reversed and remanded for a new trial.

REFERENCES

Am Jur 2d, Drugs, Narcotics, and Poisons §§ 27.12, 45; Evidence
§ 154.

What constitutes "possession" of a narcotic drug proscribed by
section 2 of the Uniform Narcotic Drug Act. 91 ALR2d 810.

CONTROLLED SUBSTANCES — LEGAL POSSESSION — PRESCRIPTIONS —
    BURDEN OF PROOF.

   A defendant does not possess a controlled substance illegally
   where it is obtained through the valid prescription of a practi-
   tioner; the burden of proving that the controlled substance was
   obtained through a valid prescription is on the defendant; when
   the defendant adduces any evidence or some competent evi-
   dence of authorization to possess the substance, the prosecution
   must prove the lack of authorization beyond a reasonable
   doubt; the defendant is not required to show a specific prescrip-
   tion for the controlled substance in presenting evidence of
   authorization (MCL 333.7403[1], 333.7531; MSA 14.15[7403][1],
   14.15[7531]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Gary L. Walker,* Prosecuting Attorney, and *Joni Brandon,* Assistant Prosecuting Attorney, for the people.

*Mark Peter Stevens,* for the defendant.

Before: CONNOR, P.J., and BRENNAN and MARILYN KELLY, JJ.

MARILYN KELLY, J. Following a jury trial, defendant was convicted of unlawful possession of Valium and Xanax. MCL 333.7403(2)(b); MSA 14.15(7403)(2)(b). His sentence was sixty days in jail and twenty-four months' probation. On appeal, he argues that he was denied a fair trial by certain remarks made by the prosecutor which improperly shifted the burden of proof to him. Defendant asserts, also, that there was no evidence of unlawful possession, and the jury verdict was against the great weight of the evidence. Therefore, the court erred in denying his motions for directed verdict, judgment notwithstanding the verdict and new trial. We reverse.

The police arrested defendant for drunk driving. During a custodial search, they discovered a bottle of pills in his pocket later identified as containing

Valium and Xanax. Defendant told the police that he had a prescription for the pills but did not remember the name of the doctor who had prescribed them.

At trial, defendant testified that he had injured his back some years earlier, and doctors in several locations had prescribed Valium and Xanax to relieve the pain. Defendant's job required extensive travel. He had recently seen a doctor in Syracuse, New York, but could not remember the name. Defendant produced no written documentation confirming that he had a prescription for the drugs.

Dr. Ronald Sanders testified that he had examined defendant and found that he suffered from a longstanding back injury. He indicated that it would be appropriate to prescribe Xanax and Valium for defendant's injury. By examining defendant's medical records, Sanders determined that doctors had prescribed those drugs, plus others, for defendant during the nine-year period after his back injury.

I

On appeal, defendant argues that he was denied a fair trial, because the court permitted the prosecutor to shift the burden to him. It was the prosecution's position at trial that defendant had to produce documentary proof to rebut the statutory presumption of illegal possession. Defendant alleges that the nondocumentary evidence he did present was sufficient to rebut the presumption. We agree.

The Public Health Code provides that a person found with a controlled substance does not possess it illegally if he obtained it through the valid prescription of a practitioner. MCL 333.7403(1);

MSA 14.15(7403)(1). The burden of proving he falls under this exception is on the defendant. MCL 333.7531; MSA 14.15(7531). The statute provides:

> (1) It is not necessary for this state to negate any exemption or exception in this article in a complaint, information, indictment, or other pleading or in a trial, hearing, or other proceeding under this article. The burden of proof of an exemption or exception is upon the person claiming it.
>
> (2) In the absence of proof that a person is the authorized holder of an appropriate license or order form issued under this article, the person is presumed not to be the holder of the license or order form. The burden of proof is upon the person to rebut the presumption. [MCL 333.7531; MSA 14.15(7531).]

If the defendant adduces any evidence or some competent evidence that he was authorized to possess the substance, the prosecution must prove lack of authorization beyond a reasonable doubt. *People v Wooster,* 143 Mich App 513, 517; 372 NW2d 353 (1985), citing *People v Bailey,* 85 Mich App 594, 599; 272 NW2d 147 (1978); *People v Bates,* 91 Mich App 506, 516; 283 NW2d 785 (1979). This Court has never required a defendant to show a specific prescription for a controlled substance in order to rebut the presumption of unlawful possession. We likewise refuse to do so here.

At trial, defendant testified that he had severely injured his back. Dr. Sanders confirmed the fact of the injury. Defendant also indicated that the drugs found in his possession were remnants from prescriptions he had received from out-of-town physicians with whom he had treated. We believe defendant provided "some competent evidence" that the

pills were obtained pursuant to a doctor's prescription. Therefore, he effectively rebutted the presumption of unlawful possession.

In light of that finding, we conclude that the trial court abused its discretion in failing to grant defendant's motion for a new trial. See *People v Gonzalez*, 178 Mich App 526, 536; 444 NW2d 228 (1989). The sworn statements of Dr. Sanders and of defendant were sufficient to shift the burden to the prosecution. The prosecution should have been required then to prove beyond a reasonable doubt that defendant lacked authorization for the controlled substances. At his retrial, defendant need not produce documentary evidence of a prescription in order to rebut the presumption of unlawful possession.

II

Defendant also asserts that the trial court erred in failing to direct a verdict for him. We disagree. Defendant had the burden of proving an exception to MCL 333.7403(1); MSA 14.15(7403)(1). When he made the motion for directed verdict, he had yet to present any evidence which might require the prosecution to prove unlawful possession. See *Wooster*, 517.

Reversed and remanded for a new trial. We do not retain jurisdiction.