**Eugene Herman ROBINSON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 3, 1971.

Ralph H. Ruch, Jr., Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Sp. Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant was convicted of the offense of armed robbery and his punishment was fixed by a jury at confinement for a period of ten years. KRS 433.140. His appeal sets forth five grounds for reversal of the judgment. They are: (1) The evidence was insufficient to support the verdict; (2) the trial court erroneously admitted evidence of identification at a pretrial lineup; (3) the appellant was forced to testify involuntarily; (4) the court erroneously refused to enforce the rule for separation of witnesses, and (5) the court erroneously admitted evidence of previous convictions of appellant.

Appellant and a codefendant were indicted for the robbery of a Convenient Food Market in Louisville. Appellant was tried separately and he claims that the testimony of eyewitnesses did not sufficiently identify him as the perpetrator of the crime and therefore he was entitled to a directed verdict. There were two eyewitnesses to the robbery who testified and there were inconsistencies in their testimony with respect to such things as failure to see a tattoo on appellant's arm; whether appellant was wearing a hat, and whether appellant carried a gun. Despite these inconsistencies, each of the Commonwealth's witnesses positively and unequivocally identified the appellant as one of the persons who committed the robbery.

Inconsistencies in testimony go to the credibility of the witness and it cannot be said in this case as a matter of law that the testimony of the witnesses was incredible. It was within the province of the jury to determine the weight to be given the testimony. Simmons v. Commonwealth, Ky., 459 S.W.2d 780 (1970); Burton v. Commonwealth, Ky., 442 S.W.2d 583 (1969) and Nix v. Commonwealth, Ky., 299 S.W.2d 609 (1957).

The evidence was clearly sufficient to support the finding that appellant was the person who committed the crime.

■ The second contention of the appellant is that the court erroneously admitted evidence of identification at a lineup conducted at a time when he was without counsel. Helen Fox, an eyewitness to the robbery, positively identified the appellant in court as one of the two men who committed the robbery. She further testified that sometime after the robbery she was called to police headquarters and there identified appellant in a lineup.

No objection was interposed to her in-court identification. With respect to the identification at the lineup the record reveals the following:

"Q Now, Mrs. Fox, I believe you were . . . sometime after this incident happened, were you or were you not called down to police headquarters?

"A Yes sir.

"Q And is it not a fact that you were requested to look at a group of men, which people call a showup, to see if you could identify any person or persons in that showup?

"A Yes I was.

"Q Did you identify the defendant as being one of the persons or not?

"MR LYON: Objection. (Then at bench out of the hearing of the jury) Wade v. Commonwealth objections for purposes of the record.

"BY THE COURT: Overruled.

"MR. LYON: Exception.

"(End of proceedings at bench, out of the hearing of the jury.)

"By Mr. Hume.

"Q Did you identify the defendant as one of the men?

"A Yes sir."

In Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), it was held that the admission of evidence of identification at a pretrial lineup conducted in the absence of counsel was constitutional error entitling a defendant to a new trial unless the court *could declare a belief that it was harmless beyond a reasonable doubt.* (Emphasis ours).

Here the evidence of identification at the lineup by one witness was objected to and its admission in evidence was erroneous. Three other witnesses, including one other eyewitness to the crime, testified without objection that appellant was identified at the lineup. In fact, counsel for appellant, on cross-examination of one of the eyewitnesses who made an in-court identification, elicited the information that the witness had also identified the appellant in a lineup.

In the face of positive *in-court* identifications by two witnesses and testimony of three witnesses that appellant was identified by witnesses at the lineup, all admitted in evidence without objection, we believe it may be safely said that the erroneous admission in evidence of the testimony of Helen Fox concerning the identification at the lineup was harmless error beyond a reasonable doubt.

■ The appellant's next contention is that he was forced to testify in violation of his constitutional rights. His contention in this regard is difficult to follow. At the close of the case for the Commonwealth, appellant requested the court that he be permitted to testify after all other defense witnesses had testified. The court ruled pursuant to KRS 421.225 that if appellant desired to give testimony, his testimony would have to be given first. He contends the statute which required him to testify first in his defense, if at all, had the effect of forcing him to testify for fear of thereafter being deprived of his right to testify.

Appellant cites no authority in support of this novel argument. Many states have a requirement that a defendant must testify

first in his own behalf if he desires to testify at all. Wigmore supports the rule and says the reason for it is the occasional readiness of a witness in interest to adapt his testimony, when offered later, to victory rather than veracity, so as to meet the necessities as laid open by prior witnesses. Wigmore on Evidence, Third Edition, Section 1869.

We do not believe the requirement as to the order of proof infringes the constitutional right of a defendant either in forcing him to testify or by depriving him of his right to remain silent.

■ The next ground of error advanced by appellant is that a witness for the Commonwealth was permitted to testify after having sat in the courtroom and having heard the testimony of other witnesses. A separation of witnesses had been requested pursuant to RCr 9.48. The simple answer to this contention is that no objection was made to the testimony of this witness and alleged errors will not be reviewed by this court when the party claiming error has not made known to the court the action which he desired the court to take or his objection to the action of the court. RCr 9.22.

■ The appellant's last contention is that the court improperly allowed the Commonwealth's Attorney to show a previous conviction of a felony. The fact of the previous conviction was voluntarily put in evidence by the appellant on direct examination.

In the course of cross-examination the appellant denied any association with his codefendant prior to the commission of the crime. The Commonwealth's Attorney attempted to show a past association at a time when both appellant and his codefendant were imprisoned together. In doing so, he elicited from the appellant on cross-examination, the fact of his previous imprisonment.

Competent material evidence which is relevant to issues on trial is not rendered inadmissible because it may show that the defendant is guilty of another crime. Jaggers v. Commonwealth, Ky., 439 S.W.2d 580 (1968). See also Blair v. Commonwealth, Ky., 458 S.W.2d 761 (1970), as to effect of voluntarily placing in evidence the fact of a previous conviction.

The judgment is affirmed.

All concur.