PEOPLE v BETTS

Docket No. 84492. Submitted April 2, 1986, at Detroit. Decided
October 20, 1986.

Christopher H. Betts was convicted, following a bench trial, of
felonious assault, Recorder's Court of Detroit, Warfield Moore,
Jr., J. At trial, after both sides had rested, the court indicated
that it wanted to question a witness who had earlier been
waived by the parties but who had been listed as a res gestae
witness. The court allowed the prosecutor to reopen the case
because there were two conflicting versions of the testimony
and the court did not know what to believe. Defendant ap-
pealed.

The Court of Appeals *held:*

The court committed no error. The Rules of Evidence provide
for the court's calling witnesses and the record reveals no
surprise or lack of opportunity to prepare for the witness.

Affirmed.

TRIAL — WITNESSES — CRIMINAL LAW — RULES OF EVIDENCE.

A trial court in a bench trial of a criminal case may sua sponte
call and examine a witness who was named as a res gestae
witness but whose production was waived by the parties (MRE
614).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *John D. O'Hair,* Prose-
cuting Attorney, *Timothy A. Baughman,* Deputy
Chief, Civil and Appeals, and *Carolyn Schmidt,*
Assistant Prosecuting Attorney, for the people.

*Warren H. Siegel,* for defendant on appeal.

REFERENCES

Am Jur 2d, Witnesses § 3.
See the annotations in the Index to Annotations under Witnesses.

Before: CYNAR, P.J., and WAHLS and E. E. BOR-
RADAILE,* JJ.

PER CURIAM. In a bench trial in Detroit Record-
er's Court, defendant was found guilty of felonious
assault by means of a shotgun as a result of an
incident on March 23, 1984. The complainant went
to his brother's house with a wrecker to tow a
disabled car away and, after he crawled out from
under the car and was hooking up the wrecker, he
heard defendant swearing at him and also saw
defendant in defendant's doorway on the porch
with a shotgun, which was racked and pointed at
the complainant.

Defendant testified that the complainant had
pulled the tow truck up into his driveway and he
believed that the complainant was trying to take
what turned out to be the complainant's brother's
car. He claimed the complainant swore at him and
made what appeared to be a threatening gesture,
so he grabbed a shotgun but denied pointing it at
the complainant.

The issue in this case arises as a result of the
trial court's indicating, after the testimony had
been presented by both parties, that it wanted to
question a witness, Anita Turner, who had earlier
been waived by the parties but who had been
listed as a res gestae witness. The court allowed
the prosecutor to reopen the case because there
were two conflicting versions of the testimony and
the court did not know what to believe. The case
was continued for a few days to allow the witness
to be brought in and, at that time, defense counsel
objected to the trial court's calling of the witness,
stating that both parties had already rested and
that the witness was not indorsed on the informa-
tion. Defendant further claimed complete surprise.

* Circuit judge, sitting on the Court of Appeals by assignment.

The trial court permitted defense counsel to have a recess to talk to the witness if he had not already had the opportunity to do so.

The witness was called and testified that, on the morning in question, she heard people swearing and looked out the window. She saw two men standing by a tow truck, and the man on the passenger side was talking to someone in front of him, but she could not see who it was. She came downstairs then and went out the door, acting like she was getting the mail. At this point, she saw defendant on the porch with a rifle, so she ran to the telephone to call the police.

On November 1, 1984, the trial court found defendant guilty of felonious assault and, on December 11, 1984, sentenced defendant to five years probation, with the first year in a halfway house. Defendant appeals as of right.

Defendant claims that the trial court committed prejudicial and reversible error in calling a res gestae witness after both sides had rested when the court was not convinced beyond a reasonable doubt as to the guilt of the defendant, but does not seem to raise a constitutional question. The prosecutor argues that, under MRE 614, a trial court is permitted to call and interrogate witnesses.

While our research has not indicated a case exactly like this where both parties had rested, we find a number of earlier cases permitting the trial court to allow reopening of the proofs on the prosecutor's motion for proof of a necessary element omitted from the case-in-chief. See *People v Baker,* 332 Mich 320, 324-325; 51 NW2d 240 (1952), overruled on other grounds in *People v Rios,* 386 Mich 172, 175; 191 NW2d 297 (1971), where the Supreme Court upheld the right of the people to reopen the case to permit a witness to testify relative to an element that had not been presented

in the case-in-chief. The defendant in that case had moved for a directed verdict of not guilty because of the error. The Court that:

> It is the rule in criminal cases that the trial court in the exercise of sound discretion may reopen a case for the purpose of admitting testimony in behalf of either the prosecution or the defense. See *People v Blake,* 157 Mich 533 [122 NW 113 (1909)]; *People v Chimovitz,* 237 Mich 247 [211 NW 650 (1927)]; and *People v Eger,* 299 Mich 49 [299 NW 803 (1941)].

Though many of the cases are civil cases, the case law seems to be that the reopening of a case to receive additional evidence is within the sound discretion of the trial court and will not be interferred with on appeal except for abuse of discretion. In 75 Am Jur 2d, Trial, § 153, p 243, it is said:

> Courts have the power, even after a verdict and judgment, to reopen a case to receive proof of an incontrovertable document, omitted through inadvertence or mistake. Once the evidence has been closed, a case will be reopened to permit a party to introduce further expert evidence only under very extraordinary circumstances and for good cause.

The same annotation at § 158, p 246, states:

> The trial judge possesses wide discretionary powers relative to the reopening of a criminal case for the introduction of further evidence after the parties have rested. In the trial judge's discretion, a criminal case may be reopened for the reception of additional evidence after the case has been submitted to the jury and before their retirement to deliberate on their verdict, and it lies within the sound discretion of the trial court to reopen a criminal case for the reception of additional evi-

dence even after the jury have retired to deliberate on their verdict.[1]

The people argue that, under MRE 614, a trial judge is permitted to call and interrogate witnesses. Plaintiff also notes that a trial judge may examine witnesses and call witnesses not called by either party. *State Bar Grievance Administrator v Jaques*, 401 Mich 516, 536; 258 NW2d 443 (1977), vacated on other grounds, 436 US 952; 98 S Ct 3063; 57 L Ed 2d 1118 (1978), 403 Mich 956 (1978). We have been unable to find any discussion under MRE 614 relative to the issue in this case, and most of the discussion seems to be dealt with under FRE 614, which is identical to MRE 614. See 3 Orfield, Criminal Procedure Under the Federal Rules, § 26:167, p 462, which states:

> Some American cases have suggested that in some cases the judge in the interest of justice, may have a duty as well as the power to call witnesses, and may be reversed if he fails to do so. But the federal appellate courts have been unwilling to reverse on this ground. They hold that the exercise of the right to call a court's witness is a discretionary matter and that only for an abuse of that discretion resulting in prejudice to the defendant will a trial court be adjudged to be in error and a conviction reversed."[2] [Citations omitted.]

While the issue in this case does not deal with the calling of an expert witness, this Court in *People v Fisher*, 87 Mich App 350, 354; 274 NW2d 788 (1978), dealt with the court's sua sponte call-

[1] See also Anno: *Court's witnesses (other than expert) in state criminal prosecution*, 16 ALR4th 352. There appears to be a split of authority, and no Michigan cases are cited.

[2] See *Smith v United States*, 331 F2d 265 (CA 8, 1964), cert den 379 US 824; 85 S Ct 49; 13 L Ed 2d 34 (1964), reh den 379 US 940; 85 S Ct 321; 13 L Ed 2d 350 (1964); *Estrella-Ortega v United States*, 423 F2d 509 (CA 9, 1970); *United States v Wilson*, 447 F2d 1 (CA 9, 1971).

ing of an expert to testify concerning a claim of insanity as a defense in that case. The Court, quoting *People v Dickerson,* 164 Mich 148; 129 NW2d 199 (1910), indicated that, prior to the adoption of the Michigan Rules of Evidence, the court should not be involved in the selecting and appointing of witnesses, which would entirely change the character of criminal procedure and would seriously endanger safeguards under the constitution. The Court said in *Fisher* that, though prior to the adoption of MRE 706 the court was not permitted to call expert witnesses, MRE 706 clearly would allow such a procedure.

In this case no constitutional question has been properly raised, and the trial judge very carefully indicated that defense counsel should have an opportunity to talk with the witness before the witness testified. The record further indicates that the witness had been indorsed but was waived by both sides, so defendant cannot now claim surprise which denied him a fair trial. Though MRE 614(c) says that "[o]bjections to the calling of witnesses by the court or to interrogation by it may be made at the time or at the next available opportunity when the jury is not present," MRE 614(a) does not contain a limitation as to the court's calling of witnesses only in a jury trial, and we cannot read the rule as limiting it solely to jury trials. We find that no error has been commited by the trial judge in this case.

Affirmed.