M. J., A Juvenile, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2001–CA–000508–DG.

Court of Appeals of Kentucky.

Nov. 8, 2002.

Discretionary Review Denied
by Supreme Court Oct. 15, 2003.

Suzanne A. Hopf, Frankfort, KY, for Appellant.

Albert B. Chandler, III, Attorney General, Gregory C. Fuchs, Assistant Attorney General, Frankfort, KY, for Appellee.

Before EMBERTON, Chief Judge; JOHNSON and SCHRODER, Judges.

*OPINION*

JOHNSON, Judge.

M. J., a juvenile, has appealed from an order of the Marion Circuit Court entered on February 19, 2001, which affirmed an order of the Marion District Court entered on February 23, 2000. Following an adjudication hearing, the district court found that M. J. committed the offense of crimi-

nal mischief in the third degree [1] and adjudicated him a public offender.[2] Having concluded that the district court did not abuse its discretion by recessing the adjudication hearing and by calling an additional witness, we affirm.

The Commonwealth alleged in a juvenile complaint that on or about October 1, 1999, M. J., who was 11 years old at the time, fired a BB gun at J.W. Carey's pickup truck, causing damages of $207.70.[3] M. J. was charged with criminal mischief in the third degree; and an adjudication hearing was set for January 26, 2000, in Marion District Court.

At this hearing, Carey testified that he saw M. J. firing the air rifle out of the window of an abandoned building. Carey also stated that he knew of another witness who saw what happened, but he could not at that time remember her name. After Carey finished testifying, the Commonwealth stated that it had no other witnesses. M. J. then moved the district court for a directed verdict. The district court judge denied M. J.'s motion for a directed verdict and stated that he was going to recess the hearing to allow time to locate the other witness.

The adjudication hearing resumed two weeks later on February 9, 2000; and 14–year–old Tabitha Russell testified that she saw M. J. shoot an air rifle at Carey's truck. Russell stated that one of the BB's almost hit her in the arm after it ricocheted off the truck. Both of M. J.'s parents testified, but they were unable to account for M. J.'s whereabouts for part of the time frame when the offense allegedly occurred. M. J. also testified and denied shooting a BB gun at Carey's truck.[4]

The district court specifically found Russell's testimony to be "credible and believable," and found M. J. to be a public offender. At the disposition hearing on February 23, 2000, the district court followed the recommendations from the Department of Juvenile Justice and ordered M. J. to write a letter of apology to Carey, to pay for the damages caused to Carey's truck, and to stay away from Carey and his property. The Marion Circuit Court affirmed the district court's order in an order entered on February 19, 2001. This Court granted discretionary review on May 10, 2001.

The crux of M. J.'s argument on appeal is that the district court erred when it denied his motion for a directed verdict and instead ordered a recess of the adjudication hearing to allow for the testimony from Russell. M. J. claims that the rulings by the district court subjected him to double jeopardy and denied him due process of law. He argues in his brief as follows:

> According to KRS 505.030(4)[5] the ONLY time that a court may interrupt

1. Kentucky Revised Statutes (KRS) 512.040.

2. KRS 610.010.

3. Testimony at M. J.'s adjudication hearing indicated that there was a history of conflict between Carey and M. J.'s family.

4. M.J. and his parents testified that M.J. never owned a BB gun.

5. KRS 505.030 reads in pertinent part as follows:

When a prosecution is for a violation of the same statutory provision and is based upon the same facts as a former prosecution, it is barred by the former prosecution under the following circumstances:

. . .

(4) The former prosecution was improperly *terminated* after the first witness was sworn but before findings were rendered by a trier of fact [emphasis added].

the trial proceedings and terminate them without the consent of the defendant is when "manifest necessity" requires this action. This section is meant ONLY to be used when interruptions occur that are "beyond the control of the court." The interruption of M. J.'s case was not due to circumstances outside of the trial court. Rather, it was due because the Commonwealth had not properly prepared this case [emphases original] [citation omitted].

■ We begin our legal analysis by not-. ing that M. J.'s claim that the case against him was *terminated* on January 26, 2000, is not supported by the record. A correct description of what occurred is that the district court recessed the adjudication hearing on January 26, 2000, and the hearing resumed two weeks later. Accordingly, M. J.'s reliance on KRS 505.030(4) is misplaced; and his argument that he was twice placed in jeopardy is without merit.

■ M.J. also argues that the district court's procedural rulings at the adjudication hearing denied him due process of law. We hold that the district court did not abuse its discretion by *sua sponte* recessing the hearing and then resuming the hearing two weeks later to hear testimony from Russell.

In *Davis v. Commonwealth,*[6] our Supreme Court discussed the discretion afforded trial courts in determining whether to admit further evidence after the prosecution has announced closed:

> While a party should not normally be permitted to offer additional testimony after announcing the conclusion of its

evidence, and certainly should be precluded from introduction of evidence-in-chief after announcing that no rebuttal evidence will be presented, we cannot overlook the probative nature of the evidence so offered and its prior unavailability. If the record demonstrated any bad faith on the part of the Commonwealth, we would not hesitate to hold that the admission of such evidence amounted to an abuse of the trial court's discretion. This not being the case, however, we find no abuse of the trial court's discretion in its application of RCr 9.42(e).[7]

Moreover, under KRE [8] 614(a) and (b), a trial court is expressly permitted to call and interrogate witnesses *sua sponte:*

> (a) Calling by court. The court may, on its own motion or at the suggestion of a party, call witnesses, and all parties are entitled to cross-examine witnesses thus called.

> (b) Interrogation by court. The court may interrogate witnesses, whether called by itself or by a party.

In *Michigan v. Betts,*[9] the Court of Appeals of Michigan discussed the broad discretion afforded trial courts in calling witnesses to testify, even after the parties have rested:

> The issue in this case arises as a result of the trial court's indicating, after the testimony had been presented by both parties, that it wanted to question a witness, Anita Turner, who had earlier been waived by the parties but who had been listed as a res gestae witness. The

---

6. Ky., 795 S.W.2d 942, 947 (1990).

7. Kentucky Rules of Criminal Procedure (RCr) 9.42(e) provides: "The parties respectively may offer rebutting evidence, unless the court, for good reason in furtherance of justice, permits them to offer evidence-in-chief."

8. Kentucky Rules of Evidence.

9. 155 Mich.App. 478, 400 N.W.2d 650, 651–53 (1986). Kentucky and Michigan have identical provisions governing the ability of trial courts to call and interrogate witnesses.

court allowed the prosecutor to reopen the case because there were two conflicting versions of the testimony and the court did not know what to believe. The case was continued for a few days to allow the witness to be brought in. . . .

. . .

The people argue that, under MRE 614, a trial judge is permitted to call and interrogate witnesses. Plaintiff also notes that a trial judge may examine witnesses and call witnesses not called by either party.

We have been unable to find any discussion under MRE 614 relative to the issue in this case, and most of the discussion seems to be dealt with under FRE 614, which is identical to MRE 614. See 3 Orfield, Criminal Procedure Under the Federal Rules, § 26:167, p 462, which states:

Some American cases have suggested that in some cases the judge in the interest of justice, may have a duty as well as the power to call witnesses, and may be reversed if he fails to do so. But the federal appellate courts have been unwilling to reverse on this ground. They hold that the exercise of the right to call a court's witness is a discretionary matter and that only for an abuse of that discretion resulting in prejudice to the defendant will a trial court be adjudged to be in error and a conviction reversed.

In the case at bar, we cannot conclude that the district court abused its discretion by ordering a recess of the adjudication hearing for the purpose of calling Russell as a witness. Since the evidence showed that Russell was the only witness to the incident who was neither a party nor the alleged victim, understandably, the trial court was interested in hearing whether Russell's testimony supported Carey's version of the events.

■ Finally, M.J. argues that he was denied the ability to obtain the separation of witnesses as provided for in RCr 9.48. Specifically, he argues:

Since the Commonwealth had named only one witness at the time of the adjudication hearing, the defense lost the opportunity to ask for separation of the witnesses. Pursuant to RCr 9.48, either party may request separation of witnesses prior to adjudication hearing or trial. If at the time of the adjudication hearing, the defense would have known that another witness would be testifying, [counsel] would have asked for separation of witnesses. As this trial was continued for a period of two weeks there was no practical way to separate witnesses. This continuance thus greatly prejudiced the defendant.

The fatal flaw in this argument is that counsel for M.J. failed to request separation of the witnesses when it became known that the adjudication hearing would be recessed for two weeks so that Russell could be brought forward to testify. The text of RCr 9.48 reads in pertinent part:

If either a defendant or the Commonwealth *requests* it, the judge may exclude from the hearing or trial any witness of the adverse party not at the time under examination, so that the witness may not hear the testimony of the other witnesses [emphasis added].

Further, in *Robinson v. Commonwealth*,[10] the former Court of Appeals stated:

The next ground of error advanced by appellant is that a witness for the Commonwealth was permitted to testify after having sat in the courtroom and having heard the testimony of other witnesses.

---

10. Ky., 474 S.W.2d 107, 110 (1971).

A separation of witnesses had been requested pursuant to RCr 9.48. The simple answer to this contention is that no objection was made to the testimony of this witness and alleged errors will not be reviewed by this court when the party claiming error has not made known to the court the action which he desired the court to take or his objection to the action of the court. RCr 9.22.

In the case at bar, not only was no objection made to Russell's testimony, there had been no request for separation of the witnesses. Counsel for M.J. could have requested the district court to admonish Carey to not discuss the case with Russell until after she testified. M.J. cannot now claim error when his position was not made known to the trial court.[11] Accordingly, this alleged error has not been properly preserved for appellate review.

For the foregoing reasons, the order of the Marion District Court is affirmed.

ALL CONCUR.

---

11. RCr 9.22; *Johnson v. Commonwealth*, Ky., 505 S.W.2d 470, 471 (1974).